JULIUS TOBLER v. HENRY F. AUSTIN ET AL.

Decided November 22, 1899.

**1.  Liquidated Damages—Penalty.**

When a contract provides that a given sum shall be paid, as liquidated damages, in the event of performance or nonperformance of an act in regard to which damages, in their nature uncertain, may arise in case of default, and no language is used indicating an intention that the sum stipulated shall be considered only as a penalty, such sum will be held to be liquidated damages.

**2.  Same.**

Plaintiff, in a suit for breach of contract binding the defendants in the sum of $1000 "as liquidated damages" not to engage, within a given time and place, in a business the good will of which they were conveying to the plaintiff, need not show the actual damages suffered, the amount recoverable being liquidated by the contract.

**3.  Contract in Restraint of Trade.**

An agreement by the vendors of the stock and good will of a mercantile business not to re-engage therein in the county for a period of twenty years, is not void as against public policy.

APPEAL from the County Court of Bell.  Tried below before Hon. F. C. HUMPHRIES.

*J. B. McMahon,* for appellant.

*A. M. Monteith,* for appellee.

KEY, ASSOCIATE JUSTICE.—This suit is founded upon a written instrument reading as follows:

"*The State of Texas, County of Bell.*—Know all men by these presents, that we, H. F. Austin and Edward Rancier, citizens of the city of Belton, and county and State above written, composing the firm of Austin & Rancier, merchants in said city, for and in consideration of the sum of one hundred dollars to us paid and other good and sufficient consideration us thereunto moving, have granted, bargained, and sold, conveyed and delivered, and we by these presents doth grant, bargain, sell, convey, and deliver to Julius Tobler, of the city, county, and State above written, the following described personal property, and doth make and enter into the covenants hereinafter set forth, viz:

"Those two certain organs of the ———— make and numbered respectively ————; and we also, for and in consideration of the premises and the further consideration of the sum of one dollar to us in hand paid, receipt of which is hereby acknowledged and confessed, doth hereby sell and convey to the said Julius Tobler 'our good will in trade in the following musical instruments, viz:  Pianos, melodeons, organs, and organettes, in the county of Bell and State of Texas; and in consideration of the premises, we and each of us doth hereby covenant and agree to and with the said Tobler and his assigns that we nor either of us will directly or indirectly, for the period of *twenty years from* and after the date of these presents will not engage in the trade or sale of the musical

instruments aforementioned or keep the same for sale or trade, either as owners, agents, or otherwise in the county of Bell and State of Texas, and we and each of us for the faithful performance of the covenants and agreements aforesaid doth hereby bind ourselves and each of us in the sum of one thousand dollars as liquidated damages.    *    *    *    To have and to hold the same unto him, the said Julius Tobler, his heirs and assigns forever.    And we and each of us doth bind ourselves and each of us to defend the title and to keep and perform each and all of the covenants hereinbefore set forth.    Witness our hands this the 14th day of January, 1880.

<div style="text-align:right">

(Signed)    "F. H. AUSTIN,    (SEAL)
(Signed)    "ED. J. RANCIER.    (SEAL)

</div>

"Witness:  · V. Kemindo."

The petition charges the defendants with a breach of that portion of the contract obligating themselves not to engage in the trade or sale of the musical instruments referred to in Bell County for the period of twenty years.    No specific damages are alleged, but judgment is sought for the $1000 named in the contract, as liquidated damages.

The defendants filed a general demurrer and two special exceptions, one asserting that the $1000 mentioned in the contract was intended as a penalty and can not be recovered as liquidated damages, and the other that the contract is contrary to public policy, because the period of time in which the defendants were not to engage in the business referred to and the territory embraced in the agreement rendered that portion of the contract unreasonable.    The court below sustained the first special exception and the plaintiff has appealed.

The rule is, that when a contract provides that a given sum shall be paid as liquidated damages, in the event of performance or nonperformance of the specific act in regard to which damages, in their nature uncertain, may arise in case of default, and no language is used indicating an intention that the sum stipulated shall be considered only as a penalty, such sum will be held to be liquidated damages.    In the contract under consideration, damages for the breach alleged in the petition must necessarily be uncertain and difficult to ascertain, and the sum stated is denominated in the contract "liquidated damages."    Hence we are of the opinion that the trial court erred in sustaining the exception referred to.    Eakin v. Scott, 70 Texas, 442; Collier v. Betterton, 87 Texas, 440; Holmes v. Holmes, 12 Barb. (N. Y.), 137; Keeble v. Keeble, 85 Ala., 552; Potter v. Ahrens, 110 Cal., 674.

We are also of the opinion that the petition was not obnoxious to the other special exception.    Gales v. Hooper, 90 Texas, 563; Anderson v. Rowland, 18 Texas Civ. App., 460; 3 Am. and Eng. Enc. of Law, 882.

For the errors pointed out, the judgment will be reversed and the cause remanded.

<div style="text-align:right">

*Reversed and remanded.*