## John M. Rucker v. Y. B. Campbell.

### Decided March 10, 1904.

**1.—Contract—Re-engaging in Business—Liquidated Damages—Injunction.**

Where the parties to a stipulation, on the sale of a business, against re-engaging therein within named limits agreed on the liquidated damages to be recovered in case of breach, the purchaser was limited to such remedy and could not have injunction against a breach of the stipulation.

**2.—Liquidated Damages—Penalty.**

A contract fixing the damages for breach of a contract not to re-engage in business treated as one for liquidated damages and not as a penalty.

**3.—Injunction—Remedy at Law.**

Where the damages for breach of a contract are fixed by agreement and the defendant is not insolvent the remedy at law is complete, and injunction will not lie to restrain a breach

**4.—Jurisdiction—Amount in Controversy—Injunction.**

Where damages are liquidated, and their amount too small to give the court jurisdiction, and no right to the injunction claimed in support of the jurisdiction is shown, the case should be dismissed.

Error to the District Court of Smith. Tried below before Hon. J. Gordon Russell.

*Johnson & Edwards,* for plaintiff in error.

*F. J. McCord* and *N. A. Gentry,* for defendant in error.

GARRETT, CHIEF JUSTICE.—The plaintiff in error brought this suit in the District Court of Smith County against the defendant in error, alleging that the defendant had sold to the plaintiff his business as cotton weigher and had agreed not to engage in that business in the city of Tyler after April 1, 1901, and that the defendant had violated his agreement not to resume business, and was insolvent and unable to respond in damages, wherefore plaintiff prayed for an injunction to restrain the defendant from again doing business as cotton weigher in the city of Tyler. The contract was in writing and was attached to the petition as an exhibit and made a part thereof. The defendant pleaded that the contract entered into between the plaintiff and defendant stipulated that in the event it should be violated by the defendant the plaintiff should recover of him and he should be liable to pay the plaintiff the sum of $200 as liquidated and agreed damages for such violation, and that the defendant was solvent and able to pay said amount, and that the plaintiff had a complete and adequate remedy at law and was not entitled to the writ of injunction, and asked that the bill be dismissed. The cause was submitted to the court without a jury and the court rendered judgment enjoining the defendant from again engaging in business as cotton weigher in the city of Tyler until the defendant should have "paid or lawfully tendered to the plaintiff, John M. Rucker, the sum of two hundred ($200) dollars in lawful money." The plaintiff complains of so much of the judgment as vacates the injunction upon payment by the defendant of the sum of

$200. The defendant has cross-assigned error upon the action of the court in granting the injunction and in not dismissing the suit for want of jurisdiction.

The contract is dated February 15, 1901, and is signed by the defendant, Campbell. The defendant sold to the plaintiff in consideration of the sum of $100 his business of "cotton weighing in the said city of Tyler heretofore conducted and carried on in the eastern part of said city on a lot situated between East Ferguson Street and East Erwin Street in said city, together with all scales, weights, stencils and all property of whatever kind or character belonging to or used in connection with said business." It was stipulated, "And I also hereby further agree and bind myself not to engage in or carry on or be in any way interested in any cotton weighing business in said city of Tyler * * * after the said 1st day of April, 1901, * * * and for the consideration aforesaid hereby transfer and convey unto the said John M. Rucker my good will and influence in his behalf and interest in the said business which he will carry on and engage in after said date. * * * And it is further understood and agreed that in the event I shall violate this contract or any portion of the same deliberately or intentionally, then the said Rucker shall be entitled to recover against me, and I do hereby agree to pay him, the sum of two hundred dollars as liquidated and agreed damages for such violation." The defendant violated his agreement not to engage again in the cotton weighing business. It was shown by the evidence that the defendant was solvent.

Injunction will lie to restrain the violation of a contract restricting one in the exercise of his trade or profession within a specified locality, or a given period of time. 2 High. on Injunc., sec. 1167; Welsh v. Morris, 81 Texas, 159. But as stated by Mr. High, "The jurisdiction in cases of this nature is based upon the ground that the parties can not be placed in statu quo, and that damages at law can afford no adequate compensation, the injury being a continuous one and irreparable by the ordinary process of the courts of law." 2 High on Injunc., sec. 1168. In Wilkinson v. Colley, 164 Pa. St., 35, the court had under consideration the contract of a physician, who for a consideration of $200 sold out to another physician and agreed not to engage in the practice of his profession or to manufacture or sell medicine at Lehman Centre or within eight miles thereof for a period of ten years, for the true performance of which he bound himself in the penal sum of $400. The court held that the sum stipulated was a penalty and not liquidated damages, and treating it as a penalty held that although an action at law would lie for a breach of the agreement, stated the rule as well settled, "if there is an utter uncertainty in any calculation of damages from the breach of the covenants, and the measure of damages is largely conjectural, equity will intervene because of the inadequacy of the remedy." The rule, however, is also that when the parties have stipulated what the damages shall be in event of a breach and they are

such as the law will regard as stipulated damages, there is an adequate remedy at law and an injunction will not be granted.  High on Injunc., and Wilkinson v. Colley, supra.  If, then, the damages to be paid by the defendant in this case be treated as stipulated and not penal, they would be rendered certain by the agreement of the parties and there would be no ground for injunction.  While the law favors a construction of the contract that would treat the sum named as damages for a violation of the contract as penal rather than as stipulated damages, the right of the parties to contract is fully recognized and the agreement will be construed according to the intent of the parties as gathered from the instrument in the light of the surrounding circumstances, and contracts such as the one under consideration, where parties have bound themselves not to engage in business within a specified time or place, have usually been construed and enforced as for stipulated damages.  Field on Dam., secs. 137 et seq.; 1 Suth. on Dam., secs, 283, 291; 'Eakin v. Scott, 70 Texas, 442; Indianola v. Railway Co., 56 Texas, 606; Yetter v. Hudson, 57 Texas, 604; Engelhardt v. Batla, 31 S. W. Rep., 324; Tobler v. Austin, 22 Texas Civ. App., 99, 53 S. W. Rep., 706.  It is clear from the contract under consideration that the parties agreed upon the sum of $200 to be paid in full of all damages resulting from a breach thereof and that it was the intention of the parties that the payment of such sum should discharge the contract.  The cases cited in support of the right to an injunction construe article 2989 of the Revised Statutes as providing for the writ independently of the question of whether there may be an adequate remedy at law if the applicant for the writ shows that he is entitled to the relief demanded, and that in order to give such relief the restraint of some act is necessary.  Sumner v. Crawford, 91 Texas, 129; Green v. Gresham, 21 Texas Civ. App., 601, 53 S. W. Rep., 383; McFarland v. Wilder, 54 S. W. Rep., 267.  In these cases the restraint of some act is necessary to the relief demanded.  In a case where the parties have agreed in advance what the remedy for the violation of the contract shall be and fixed the damages, then there is no act necessary to be restrained in order to afford the relief.  The remedy is an action for the recovery of the stipulated sum.  The court below correctly held that the contract was for stipulated damages and its judgment was in effect a judgment for the sum stipulated, but there was no ground for the injunction and it was error to attempt to enforce the payment of the amount adjudged by injunction.  The petition disclosed the want of jurisdiction to grant the writ of injunction from the facts set up therein, and the amount being below the jurisdiction of the court the writ should have been denied and the petition dismissed.  Telegraph Co. v. Arnold, 9 Texas Ct. Rep., 343.  The judgment of the court below will be reversed and such judgment as it should have rendered will be here rendered.

*Reversed and dismissed.*

Writ of error refused.