TEXAS & P. RY. CO. v. SOUTHERN PRODUCE CO. (No. 1316.)

(Court of Civil Appeals of Texas. Texarkana. June 11, 1914.)

1. CARRIERS (§ 130*)—INJURY TO GOODS—ACTIONS—JURISDICTION.

Where defendant shipped a car load of mixed fruit with the right to unload 100 bunches of bananas in one county and 100 bunches in another county, and, the bananas having arrived in bad order, defendant refused to unload any at either place, it was not entitled to maintain a suit in each county for the injury to the bananas intended to be unloaded in each place, and hence a recovery in one of the suits could be pleaded in bar of the other.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 130.*]

2. INJUNCTION (§ 26*)—PROSECUTION OF ACTION AT LAW—LEGAL REMEDY.

Rev. St. 1911, art. 759, provides that either party may plead any new matter in the county or district court which was not presented in the court below, but no new cause of action shall be set up by plaintiff nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the trial court. *Held* that, while such article refers to writs of certiorari to justice courts, it also applies to appeals prosecuted in the ordinary form, and hence, where a consignor brought two suits in different counties before justices of the peace for an injury arising out of a single transaction and recovered judgment in one of them, the defendant was entitled on appeal of the other to the circuit court to plead the judgment recovered in the first action in bar of the second, and was therefore not entitled to an injunction to restrain the prosecution of the second.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

Appeal from Bowie County Court; Lee Tidwell, Judge.

Suit by the Texas & Pacific Railway Company against the Southern Produce Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Glass, Estes, King & Burford and C. A. Wheeler, all of Texarkana, for appellant. Walter L. Willie and E. Newt Spivey, both of Texarkana, for appellee.

HODGES, J. In October, 1913, the appellant filed in the county court of Bowie county an application for a writ of injunction against the Southern Produce Company, alleging in substance the following facts: That the Southern Produce Company is a private corporation, with its domicile in Miller county, Ark. That on or about November 28, 1911, the Southern Produce Company shipped, over the appellant's line of railway, one car load of mixed fruits, from Texarkana, Tex., to Longview, Tex., consigned to itself. The shipping contract permitted the Southern Produce Company to stop and unload part of the fruit at Marshall, a point intermediate between Texarkana and Longview. This car was transported without negligence from Texarkana to Marshall, and from there to Longview, and delivered to the Southern Produce Company. That the latter had no cause of action against the appellant for damages, unless one resulted from a breach of the contract of shipment, which contract is attached to and made a part of the petition. That for the purpose of harassing and annoying the appellant, and for the further purpose of preventing an appeal to the Court of Civil Appeals, the Southern Produce Company filed two damage suits against the appellant, each for $99.45. That both of these suits were founded upon an alleged breach of the aforesaid contract of shipment. One of them was filed in a justice court of Harrison county, and the other in a justice court in Bowie county, Tex. On the trial of the Harrison county suit a judgment was rendered in favor of the appellee and against the appellant. An appeal was prosecuted by the appellant to the county court of Harrison county, where a similar judgment for damages was rendered against it. It is further alleged that the Southern Produce Company recovered a judgment in the suit pending in the justice court of Bowie county, and that the appellant railway company perfected and prosecuted an appeal to the county court of Bowie county, where the cause is now pending. The petition then proceeds:

"Plaintiff shows to the court that notwithstanding defendant has obtained one final judgment against it as aforesaid, defendant is prosecuting the suit now pending in this court, and will, unless restrained from so doing, again prosecute this suit to a final judgment against this plaintiff, which it will have to pay, and will vex, harass, and otherwise damage the plaintiff, in that it will be forced to bring a large number of witnesses to this court, taking depositions, be, required to employ counsel to represent it in said case, and force said counsel to incur other expenses in attending this court and defending said suit, all of which plaintiff will have to pay, to plaintiff's damage in the sum of $250. Plaintiff further shows that it has no adequate remedy at law, in that, in order to properly present its defense in said suit now pending it will be necessary for it to bring to this court witnesses who reside out of the state, and incur other expenses which cannot be legally taxed as costs in said suit and which cannot be collected from said Southern Produce Company, and plaintiff will thereby be damaged in the said sum of $250."

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

The petition then concludes with a prayer for a perpetual injunction restraining the Southern Produce Company from further prosecuting any suit growing out of the alleged breach of the contract before referred to.

Upon the filing of a bond the county judge of Bowie county granted a temporary restraining order against the further prosecution of that suit. When the case came on for trial on its merits, the writ of injunction was refused, and the temporary order theretofore granted was dissolved, and from that judgment the appellant prosecutes this appeal.

The trial court filed findings of fact and conclusions of law, which, briefly stated, are as follows: That the car load of fruit referred to in the petition was shipped by the Southern Produce Company as alleged, with the privilege to the shipper of stopping and unloading one hundred bunches of bananas therefrom at Marshall. The car stopped at Marshall for the above-mentioned purpose, but none of the bananas were taken out on account of their damaged condition. The entire load was then carried on to Longview, and was there refused by the consignee because of their damaged condition. The Southern Produce Company is a corporation operating under the laws of Arkansas and has branch houses at Marshall and Longview, and the shipment in this instance was intended for those houses. Those houses were under the management and control of other parties different from those who composed the Miller county corporation, but the latter had a large interest in each of them. He further found that the Southern Produce Company filed a suit for more than $100 against the Texas & Pacific Railway Company in the justice court of precinct No. 3 of Harrison county to recover damages for the 100 bunches of bananas which it intended to unload at Marshall. That the amount of this claim was subsequently reduced to $99.45. That a trial in the justice court of Harrison county resulted in a judgment for the Southern Produce Company. That the Texas & Pacific Railway Company appealed from that judgment to the county court of Harrison county, where a judgment was rendered against it for $74.48. He also found that another suit was filed by the Southern Produce Company against the Texas & Pacific Railway Company in the justice court of precinct No. 1 of Bowie county for the sum of $99.40, founded upon a claim for damages for the 100 bunches of bananas which were to be unloaded at Longview. A trial in the justice court of Bowie county resulted in a judgment against the Texas & Pacific Railway Company for the sum sued for. From that judgment the railway company appealed to the county court of Bowie county, where the cause is still pending.

The court's conclusions of law based upon those findings are as follows:

"Having found that the said branch houses of the Southern Produce Company at Marshall, Tex., and at Longview, Tex., are owned in part by stockholders different from the main house in Miller county, Ark., and the agreement with reference to the division of profits was different from the main house, and that each of said branch houses had its local managers, I conclude that the corporation, the Southern Produce Company, had a right to maintain and to prosecute to final judgment a claim for damages to each of the 100 bunches of bananas included in said shipment, and that said Southern Produce Company ought not to be restrained from prosecuting its suit in Bowie county, Tex., on account of having recovered a final judgment in Harrison county, Tex."

It is contended that the foregoing facts found by the court show conclusively that the Southern Produce Company had made two suits of only one cause of action; that, having elected to prosecute one of them to a final judgment, that judgment is legally a bar to any recovery in the suit pending in Bowie county.

[1, 2] If the two suits referred to are in fact based upon a transaction which gives but a single cause of action, both of them cannot be maintained. St. L. S. W. Ry. Co. v. Moss, 28 S. W. 1038, and cases cited. A recovery in one might be pleaded in bar of the other. The findings of the court do not disclose two separate and distinct causes of action, whether we regard the damages to the fruit as a breach of the contract of shipment or as a tort. There was but one shipment, and the consignor, who was the injured party, sues for the entire damages. There appears to be no reason whatever for dividing the cause of action. But it does not follow that the appellant is entitled to have this last-mentioned suit enjoined, even if it was wrongfully prosecuted. If it cannot now be maintained, it is because of the recovery in the other suit. That defense is available in the present attitude of that case, unless it has been lost by some dereliction on the part of the appellant for which no excuse is given. Article 759 of the Revised Civil Statutes of 1911 provides that:

"Either party may plead any new matter in the county or district court which was not presented in the court below, but no new cause of action shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below."

This article refers to writs of certiorari to justice courts, but it applies with equal force to appeals prosecuted in the ordinary form. See authorities collected under article 759 in Vernon's Sayles' Texas Civil Statutes. In this proceeding the appellant is seeking to use as a basis for equitable relief a plea which is equally available as a defense to the action at law. This cannot be done. McMickle v. Hardin, 25 Tex. Civ. App. 222, 61 S. W. 322; Frazier v. Coleman, 111 S. W. 662; Rucker v. Campbell, 35 Tex. Civ. App. 178, 79 S. W. 627; Gibson v. Moore, 22 Tex. 611; G. H. & S. A. Ry. Co. v. Dowe, 70 Tex. 3, 6

S. W. 790; Turner v. Patterson, 54 Tex. Civ. App. 581, 118 S. W. 565.

Article 4643 of the Revised Civil Statutes, in providing for the conditions under which a writ of injunction may be issued by the courts of this state, contains the following:

"(1) Where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant."

The two remaining subdivisions clearly have no application to the particular ground here relied on for the issuance of the writ. We may concede that under the rule announced in Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, more liberality in granting injunctions should be indulged than was permissible under the rules formerly observed in equity practice, still the facts here pleaded do not bring the case within the statutory requirement. The particular relief sought in this proceeding is protection against a judgment in the suit pending on appeal in the county court of Bowie county. The same tribunal at whose hands this writ was sought will pass upon the only defense here presented against the rendition of such a judgment. Our statute provides for a trial de novo in all cases appealed to the county or district court from the justice courts. There is nothing alleged in the petition or shown by the facts found by the court which requires the restraint of any act in order that the appellant may avail itself of all the defenses which it now claims.

While the court may be in error as to the ground upon which he refused the writ, the judgment rendered was the proper one, and it will be affirmed.