I. W. WILSON et al., Appellants,

v.

ELLIOTT & WALDRON TITLE & GUAR-
ANTY COMPANY, Appellee.

No. 7369.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 27, 1964.

William J. Gillespie and J. Q. Warnick, Jr., Lubbock, for appellants.

A. B. Waldron, McGown, Godfrey, Logan & Decker, Fort Worth, Key, Carr & Clark, Lubbock, for appellee.

NORTHCUTT, Justice.

This is an appeal from a temporary injunction. Elliott & Waldron Title & Guaranty Company, plaintiff in the case below, will hereafter be referred to as appellee, and

the parties, I. W. Wilson, Prudence Primm Wilson, and I. W. Wilson d/b/a Wilson Abstract Company, Synchro-Titles, Inc., Wilson Abstract & Title Company, E. H. Ringler, and James E. Willingham (also known as J. E. Willingham), defendants in the trial court, will hereafter be referred to as appellants. Several banks were also defendants in the case below but are not parties to this appeal.

Basically, this appeal was brought by appellants under the provisions of Rule 385 of the Texas Rules of Civil Procedure whereby appellants complain of all of the various interlocutory and temporary orders and rulings of the trial court, to-wit: the temporary injunction of July 26, 1963; the temporary injunction of August 21, 1963; the nunc pro tunc order of August 21, 1963; the refusal of the court to dissolve the temporary injunction of July 26, 1963; and finally the refusal of the trial court to enter an order nunc pro tunc on behalf of appellants.

Appellee was in the business of selling title insurance throughout the State of Texas. In conducting appellee's business it was necessary for it to employ agents in different counties to represent it. On November 21, 1961, appellee and appellant, Wilson Abstract Company, made and entered into a written contract whereby said appellant was appointed as agent for appellee to execute title policies in Lubbock County, Texas, for and on behalf of appellee subject to certain regulations. It is shown that funds would be placed with Wilson, as trustee and in escrow, by lenders of money to be paid out by Wilson when the person making the loan would then have a first and superior lien upon certain specified property. Such funds were deposited with Wilson Abstract Company or Synchro-Titles, Inc. and other names under which Wilson did business, as agent for a specified purpose, and Wilson was to be the agent trustee and appellee the principal trustee of such funds.

It was appellee's contention that these special deposits were received by appellant Wilson et al, and contrary to the lenders instructions, and contrary to the agency agreement with appellee, the funds were not disbursed in the manner to insure a first and superior lien in behalf of the various lenders; but Wilson utilized said funds for other purposes primarily for his own personal benefit and thus misappropriated and diverted the funds to uses contrary to the purpose for which they were deposited and for which purposes they were intended.

Appellee further contending when this situation was discovered it made an investigation but was unable to determine how much of these funds had been misappropriated but discovered at least seven real estate transactions wherein money had been received by Wilson et al, for the purpose of paying off prior existing liens, but instead the monies were misappropriated; although appellee's title insurance policies were issued to the various lenders who had advanced the trust funds insuring these lenders that they did in fact possess a first and superior lien against the real estate involved. Appellants also possessed other title policies belonging to appellee which appellee desired to keep appellants from issuing.

The trial court found the appellee had no adequate remedy at law and entered a temporary injunction to preserve the status quo until such time as the issues in the case might ultimately and finally be determined. From this order the appellants perfected this appeal.

Appellant presents this appeal upon five assignments of error. The first point insists appellee had an adequate remedy at law for proceeding under a writ of garnishment. The pleadings and the evidence are so overwhelmingly in favor of appellee being entitled to an injunction and entitled to have the matters left status quo and that a writ of garnishment would not protect the rights of appellee that we need

not consider that point further. The trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of clear abuse of discretion. We think the trial court could do nothing other than to grant the temporary injunction herein.

The Supreme Court held in the case of Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 at 552 as follows:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, Tex.Sup., 248 S.W.2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235."

See also the State of Texas v. Markle, Tex.Civ.App., 363 S.W.2d 332 where the court held the party was entitled to a trial on its application for temporary injunction there holding as follows:

"In determining whether a temporary injunction should issue to preserve the status quo pending a trial of the case on its merits, the court does not finally pass on the constitutionality of a statute or finally determine its proper construction. It does not finally determine the rights of the parties. The only issue is whether the applicant is entitled to an injunction to preserve the status quo pending trial on the merits. To warrant the issuance of such a writ the court merely determines that a probable right and a probable injury are shown. If they are, the court has broad discretion in determining whether or not an injunction should issue. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549; Richter v. Hickman, Tex.Civ.App., 243 S.W.2d 466."

See also Coastal Bend Milk Producers Association v. Garcia, Tex.Civ.App., 368 S.W.2d 260. We overrule appellants' first assignment of error.

All of appellants' remaining assignments of error deal with matters happening prior to the issuing the temporary injunction here appealed from and would in no manner affect the order here in question. All of such matters were concerning the correction of some errors that had been overlooked and the trial court had the right to enter an order correcting the same. The final temporary injunction entered corrected such errors and is in no manner incorrect in preserving the status quo pending a trial of the case on its merits. Finding no reversible error, the judgment of the trial court is affirmed.