### O. B. Wright v. J. M. Dobie.

#### No. 154.

1. **Forfeit not Equivalent to Penalty.**—The word *forfeit* does not have a fixed legal meaning, nor is it synonymous with the word penalty.

2. **Intent—Circumstances may Aid.**—The true construction of words not having a fixed legal meaning rests upon the intention of the parties to the contract. When the sense in which the parties intended to use such word (e. g., forfeit) is in doubt, the circumstances attending the execution of the contract with reference to the subject may be looked to in ascertaining such intention; and the question of intent is for the jury, and should not be decided by the court.

Appeal from Live Oak. Tried below before Hon. D. P. Marr.

*J. M. Eckford* and *M. F. Lowe*, for appellant.—The question, under the evidence, as to whether the $500 paid defendant by plaintiff was intended as a mere penalty, or intended to be agreed or stipulated damages, to be

retained by defendant in the event of noncompliance on the part of plaint-
iff, was one of fact to be determined by the jury, and not one of law to
be decided by the court.    The evidence on the question as to whether
the $500 was a mere penalty or security, or agreed and stipulated dam-
ages, was conflicting, and a proper matter to be determined by the jury;
or at least a question of law and fact to be submitted to the jury.

No brief for appellee reached the Reporter.

FISHER, CHIEF JUSTICE.—Appellee sued appellant to recover damages
in the sum of $2000 for breach of a written contract, whereby appellant
agreed to deliver to appellee a number of cattle at so much per head.

Appellee paid to appellant upon the contract the sum of $500, which
was stated in the contract as a "forfeit on said cattle." The appellee,
as a part of his damages, sued to recover the $500 so paid, alleging that
appellant violated his contract in refusing to deliver the cattle as he had
agreed, and that the $500 was paid simply as a part of the purchase price
of the cattle.

Appellant denied this, and claims that he complied with his contract,
and that appellee refused to receive the cattle; and in effect, that the
$500 was paid as liquidated damages, and was to be retained by appel-
lant in the event appellee violated the contract.

There was evidence offered by each party tending to establish these
issues as presented in their pleadings.

The jury returned a verdict in appellee's favor for the $500 so paid
appellant.

The court below instructed the jury, that the $500 so paid must be held
to be " intended by the parties as a penalty or security advanced by the
plaintiff as part payment for the cattle under the contract, and which,
therefore, the defendant has no just right to retain as agreed or stipulated
damages, he not having delivered to the plaintiff any cattle to cover the
same;" and instructed the jury to find a verdict for appellee for that
sum.    This charge is assigned as error.

This charge was evidently predicated upon the idea that the use of the
word "forfeit" in the contract has a fixed legal meaning, and that it is
synonymous with the word penalty, and that the employment of such
word is destructive of the idea that the amount paid should be regarded
as liquidated damages.

There are authorities that support this view of the question.    A differ-
ent rule is announced in the case of Eakin v. Scott, 70 Texas, 443.
There the court say:  " In the construction of these contracts, as in all
others, the intention of the parties must govern.    *   *   *   If we are to
construe the language of the note and agreement before us as the parties
themselves construed it, and to give effect to their intention, we must

hold that the $8000 was intended as liquidated damages, and that it was understood between them that if the defendant abandoned the contract, he should pay the plaintiffs the first note at all events, and without reference to the actual damages sustained. We are aware that there are many cases which hold that the word 'forfeiture,' as used in such contracts, is equivalent to the word 'penalty.' It is doubtless true that in law the two words may be used to mean the same thing, for a forfeiture is usually a penalty, though a penalty is not necessarily a forfeiture. The primary use of the word forfeit is to lose, and this is also its legal meaning. To forfeit a sum of money means to lose the right to it in favor of another party."

In this case the court held that the word " forfeiture" was not used in the sense and meaning which is usually given to the word penalty.

It has been also held, that the words "liquidated damages," when employed in a contract, may be construed in the light of the intention of the parties to mean a penalty. Durst v. Swift, 11 Texas, 281; Yetter v. Hudson, 57 Texas, 612, and cases there cited.

The true construction of such words rests upon the intention of the parties to the contract. This intent should be discovered, if possible, from the language of the contract itself; but when the sense in which the parties intended to use the word is in doubt, the facts and circumstances attending the execution of the contract and the surroundings of the parties at the time with reference to the subject matter of the contract may be looked to in ascertaining that intention and the meaning that should be given to the word.

We are not prepared to hold that the contract before us upon its face is conclusively expressive of the intention of the parties. The intention of the parties in the use of the words as a " part of the forfeit on said cattle," should have been left to the jury. The remaining assignments of error are without merit.

Judgment reversed and cause remanded.

*Reversed and remanded.*

Delivered April 19, 1893.