## E. A. Norman v. F. C. Vickery

Decided April 23, 1910.

**Contract—Breach—Forfeit—Liquidated Damages or Penalty.**

Two parties entered into a contract in writing to exchange certain tracts of land which were each valued at $12,500; the contract was dated August 30, but the actual exchange of lands was not to take place until January 1st, following; the contract contained the following language: "As an earnest of our good faith and the full performance of this contract each of us has put up as a forfeit his note for the sum of $1,000;" the notes were executed as therein stated; one of the parties breached the contract. Held, the notes were intended as a forfeit and not as a penalty, and the party who breached the contract was bound to pay to the other the full amount of the note without regard to the damages actually suffered, and the court properly so instructed the jury.

Appeal from the District Court of Ellis County. Tried below before Hon. F. L. Hawkins.

*W. M. Tidwell* and *Farrar, McRae & Kemble,* for appellant.—The court erred in failing and refusing to instruct the jury the issues raised in defendant's defense, that the note and contract sued upon were intended as a penalty only to cover actual damages, and not as a forfeiture. McMillan v. First Nat'l Bank of Bowie, 56 Texas Civ. App., 45; Farrar v. Beeman, 63 Texas, 181; Collier v. Betterton, 87 Texas, 442; Wright v. Dobie, 3 Texas Civ. App., 194; Kellam v. Hampton, 124 S. W., 970.

*John H. Sharp,* for appellee.—The terms of the note and contract clearly showed that the parties intended the sum specified therein as a forfeit and not a penalty in the event same should be breached, and each part thereto having put up his note for that amount, it was the duty of the court to declare, as a matter of law, the meaning of said instruments and so instruct the jury. Lemp v. Armengol, 86 Texas, 690; Astugueville v. Lousitannau, 61 Texas, 237; Tinsley v. Penniman, 12 Texas Civ. App., 591; Gulf, C. & S. F. Ry. Co. v. Malone, 25 S. W., 1077; Lary v. Young, 27 S. W., 910; Heffron v. Pollard, 73 Texas, 96; Linch v. Paris Lumber Co., 14 S. W., 701.

BOOKHOUT, Associate Justice.—This was a suit by F. C. Vickery, appellee, against E. A. Norman, appellant, to recover on a promissory note for $1,000 executed by appellant and alleged to be due appellee as a forfeiture due him by reason of the breach of a contract for a certain land trade between himself and said defendant. The note was for $1,000, and in the usual form, dated August 30, 1907, and due January 1, 1908, and stipulated for interest at eight percent per annum from maturity, with an agreement to pay ten percent attorney's fees if not paid when due. The contract for the sale or trade of land for the performance of which the note was put up as a forfeit reads as follows:

"Ennis, Texas, 8/30/07.

"Know all men by these presents, that for and in consideration of the consideration and stipulations hereinafter mentioned, F. C. Vickery and E. A. Norman have this day entered into the following contract: F. C. Vickery sells to E. A. Norman 100 acres of land situated one mile S. E. from Ennis, Texas, known as the Arch Moore farm, for $12,500—$10,400 in cash, and the assumption by said Norman of one promissory note for the sum of $2,100 drawing interest at the rate of 7½ percent per annum. E. A. Norman sells to F. C. Vickery 296 acres of land 6 miles east of Palmer, known as the Norman farm. Said Vickery to pay therefor the sum of $12,500 cash. This trade to take effect on Jan. 1, 1908. And as an earnest of our good faith, and the full performance of this contract, each of us has put up as a forfeit his note for the sum of $1,000. Each of us hereby promises to furnish an abstract of title to be examined by our respective attorneys, and in the event that either abstract is not good and can not be made good in a reasonable length of time, then neither of us is bound by this contract.

(Signed) "E. A. Norman,
"C. F. Vickery."

The defendant plead that the contract signed by him and plaintiff was misread to him, or a portion thereof omitted in the reading thereof, and that he signed the contract and note not knowing the contract contained the clause whereby he obligated himself to assume the payment of $2,100 on the one hundred acres of land; he furthermore claims that the plaintiff fraudulently misled him in certain representations plaintiff is alleged to have made as to the absence of Johnson grass on the said 100 acres, and as to the condition of the house thereon. He also plead that said $1,000 note was not intended by the parties plaintiff and defendant as a forfeiture, but the same was intended as a penalty to cover such damages as might be sustained by reason of the breach of such contract entered into between him and plaintiff if broken by defendant; and further alleged that said note of one thousand dollars was vastly in excess of the damages actually sustained by plaintiff, was exorbitant, oppressive and unreasonable, and that the damages sustained by plaintiff, if any, were easy of estimation and calculation.

The court instructed the jury as follows: "If you believe from the evidence that F. C. Vickery was ready, able and willing to carry out his part of the contract entered into between him and E. A. Norman on August 30, 1907, and so notified Norman, and that Norman declined and refused to carry out his part of said contract, then you will find for plaintiff for one thousand dollars, the amount of the note sued on, with eight percent interest thereon from January 1, 1908, to this present time, unless you find for defendant under subsequent instructions herein." He also instructed them if they believed from a preponderance of the evidence that, when the contract which was signed by the parties was read over to Norman, or in his presence, that the clause contained therein as follows: "and the assumption by the said Norman of one promissory note for the sum of $2,100, draw-

ing interest at the rate of 7½ percent per annum, was omitted in the reading thereof, and that defendant Norman relied on plaintiff to correctly read the same, and that defendant signed the said contract not knowing said clause was in it, the plaintiff would not be entitled to recover, and if you so believe you will find for defendant; if you do not so believe from the evidence you will find for plaintiff upon this issue."

The verdict was in favor of plaintiff for the full amount of the note, and embraces a finding that the contract was correctly read to defendant before he signed the same.

The correctness of this charge depends upon whether the stipulation for the forfeiture of the $1,000 note is an agreement for liquidated damage or is a penalty to secure the payment of such damages as the plaintiff should actually sustain. This question depends on the meaning and intent of the parties as gathered from the language of the contract. The language of the contract is that, "as an earnest of our good faith and the full performance of this contract each of us has put up as a forfeit his note for the sum of $1,000." The courts incline to treat stipulations of this character as a contract for a penalty, and to allow a recovery only for actual damages. The question is, What did the parties intend at the time the contract was made? The parties were making a land trade involving over $12,000. The contract was made August 30, 1907, and was not to take effect until January 1, 1908. They stipulated that if either party failed in its performance he was to forfeit to the other his note for $1,000 which he had put up. As was said in Eakin v. Scott, 70 Texas, 445, "The primary use of the word forfeit is to lose, and that is also its legal meaning. To forfeit a sum of money means to lose the right to it in favor of another party."

The charge of the court properly construed the contract. Yetter v. Hudson, 57 Texas, 607; Eakin v. Scott, 70 Texas, 442. The terms of the note and contract clearly show that the parties intended the sum specified in the note as a forfeit, and not a penalty, in the event the contract should be breached, and each party thereto having put up his note for that amount, it was the duty of the court to declare as a matter of law the meaning of said instruments and so instruct the jury.

The defendant requested two special charges which the court refused, wherein he sought to have them instructed that if they believed that the note sued on was intended by the parties as an earnest of good faith of the maker to secure the full performance of the contract, and to secure the payment of such damages as might result to the payee by breach of the contract, then to find for plaintiff for only such damages as he sustained by reason of such breach. There was no error in refusing these special charges.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused