## C. L. WITHERSPOON v. JOHN T. DUNCAN.

Decided October 19, 1910.

**1.—Venue—Plea of Privilege—Burden of Proof.**

Where, in a suit upon an obligation in writing but which had been lost or mislaid, the plaintiff alleged that the obligation was payable in the county in which the suit was brought, the defendant had the burden of proving, under his plea of privilege to be sued in the county of his own residence, that the written instrument did not so stipulate, and therefore when the evidence on the issue was insufficient as a basis for a decision of the issue one way or the other, the plea of privilege was properly overruled.

**2.—Contract—Breach—Penalty or Liquidated Damages—Test.**

In determining whether a penalty or liquidated damages was intended' by the provision for the forfeiture of a certain sum upon failure to perform a contract, the actual intention of the parties to be gathered from a full view of the provisions of the contract, the terms used to express the intent, and the peculiar circumstances of the subject matter of the agreement, is chiefly to be looked to; and if this be doubtful upon the face of the instrument, the writing may be aided and the real intention ascertained by proof of extrinsic facts.

**3.—Same—Rule Applied.**

A contract to pay a certain sum of money upon failure to bore a certain number of oil wells upon a certain tract of land, considered, and held to evidence from its nature and upon its face that the sum stipulated was intended by the parties as liquidated damages.

**4.—Same—Partial Performance—Failure to Plead.**

The failure of a defendant to plead and prove a partial performance of a contract, for the breach of which he is sued, precludes him from complaining that judgment was rendered against him for the full amount of the damages stipulated for a total breach of the contract.

Appeal from the County Court of Fayette County. Tried below before Hon. George Willrich.

*R. S. Neblett* and *Simkins & Simkins,* for appellant.—The court erred in rendering judgment in favor of the plaintiff, because the evidence shows that the contract sued upon is a penal obligation, and there is no evidence that the defendant Zapp or the plaintiff Duncan have ever been injured by a failure to fully and completely perform the contract. Durst v. Swift, 11 Texas, 282; Eakin v. Scott, 70 Texas, 444; Yetter v. Hudson, 57 Texas, 604; VanBuren v. Digges, 52 U. S., 461; Tayloe v. Sandiford, 7 Wheat., 13; Foley v. McKeegan, 66 Am. Dec., 107; Gulf, C. & S. F. Ry. Co. v. Ward, 34 S. W., 328; Baird v. Tolliver, 44 Am. Dec., 298; Harris v. Miller, 11 Fed., 118; Morse v. Rathburn, 97 Am. Dec., 359; Long v. Towl, 97 Am. Dec., 355; Perkins v. Lyman, 6 Am. Dec., 158; Huggins v. Daley, 99 Fed., 606; French v. Macale, 2 Dru. & W. (Irish), 274; Dooley v. Watson, 1 Gray, 414; Foster v. Elk Fork Oil & G. Co., 90 Fed., 178; Steelsmith v. Gartlan, 45 W. Va., 27; Gibson v. Oliver, 158 Pa., 277; Kunkle v. People's Nat. G. Co., 165 Pa., 133; May v. Hazelwood O. Co., 152 Pa., 518; Harness v. Eastern O. Co., 49 W. Va., 232; Watts v. Sheppard, 2 Ala., 425; 13 Ency. Law. & Proc., 95.

The judgment should be reversed because, whether or not the sum designated was liquidated damages or a penalty, the $500 in toto could not be recovered since there was a partial performance of the contract. Farrar v. Beeman, 63 Texas, 175; Jemmison v. Gray, 29 Iowa, 537; Lee v. Overstreet, 44 Ga., 507; Shreve v. Brereton, 51 Pa. St., 175; Hamaker v. Schroers, 49 Mo., 406; Lyman v. Babcock, 40 Wis., 516; Lampman v. Cochran, 16 N. Y., 275; Shute v. Taylor, 5 Metc. (Mass.), 61; 1 Pomeroy's Equity, 444; Williams v. Green, 14 Ark., 315; Wibaux v. Grinnell Live Stock Co., 9 Mont., 154; Harris v. Ohio Oil Co., 57 Ohio St., 118; Blair v. Peck, 1 Penny (Pa.). 247; Janes v. Emery Oil Co., 1 Penny (Pa.), 242; Harness v. Eastern Oil Co., 49 W. Va., 232; Sharp v. Behr, 117 Fed., 864; McClay v. Western Penn. Gas. Co., 201 Pa. St., 197.

*John T. Duncan,* for appellee.

NEILL, Associate Justice.—This suit was brought by John T. Duncan, as the assignee of the claim declared on, against C. L. Wither-

spoon, a resident citizen of Navarro County, and C. T. Zapp, a resident of Fayette County, to recover of the first-named defendant the sum of $500, alleged to be due upon a written contract entered into between him and his co-defendant on July 17, 1906, whereby the latter leased Witherspoon certain real property situated in Navarro County for a term of years for the purpose of drilling wells on the same in exploring for oil and gas, and to recover against the defendant Zapp upon his guaranty to plaintiff that the latter would collect as much as $250 on the claim from Witherspoon, for which judgment was asked only in the event plaintiff failed to collect that much of the demand from him.

The plaintiff's petition also alleged that by said contract Witherspoon agreed with Zapp to sink at least four wells on the latter's lands on or before January 1, 1907, and obligated himself that if he did not sink, bore or drill that many wells thereon by that time, to pay Zapp in Fayette County, Texas, the sum of $500; that the defendant Witherspoon took possession of the land under said lease and only sunk one well thereon within the time prescribed by the contract or at any time thereafter; that by reason of such failure said defendant became indebted and bound to pay his co-defendant Zapp in Fayette County the sum of $500; and that after said indebtedness accrued Zapp assigned his claim therefor against Witherspoon to plaintiff, guaranteeing the payment of one-half of the same.

The defendant Witherspoon pleaded to the jurisdiction of the court over his person, alleging that at the time the suit was instituted he was a resident citizen of Navarro County, Texas, and that he had not promised or agreed in writing to pay either plaintiff or Zapp any sum of money in Fayette County or perform any obligation there; nor to perform or pay any obligation sued upon in said county, and that no joint liability existed between him and his co-defendant.

In the event his plea of privilege should be overruled, then, he pleaded a general denial. Zapp filed no answer.

The case was tried without a jury, and the court after hearing the evidence overruled Witherspoon's plea of privilege and rendered judgment against him for the sum sued for with interest from its date. It was further ordered by the judgment that plaintiff recover of the defendant Zapp the sum of $250 with interest, etc.; but it stipulated that the judgment against him was not to be collected, unless the plaintiff failed to collect the judgment against Witherspoon.

The first two assignments of error are as follows:

"1. The court erred in overruling the plea of privilege and plea to the jurisdiction filed by the defendant Witherspoon, the evidence showing that said defendant is a resident citizen of Navarro County, Texas, and that the plaintiff had not acquired the contract sued upon from the defendant Zapp, and that the transfer from Zapp to the plaintiff was fictitious and not bona fide and real."

"2. The judgment of the court is without evidence to support it, and the court erred in holding that the plaintiff had acquired and owned the

contract sued on, claimed to have been executed by the defendant Witherspoon to the defendant Zapp."

The proposition advanced under them is as follows: "An assignee can not by an assignment of a claim to him for the sole purpose of suing a defendant in a county other than his residence, join the assignor as co-defendant and collusively and with no other purpose than to gain jurisdiction over the defendant, procure such jurisdiction in a county other than his place of residence."

In our view of the case we deem it unnecessary to determine whether this proposition is objectionable under the rules of this court. It may be conceded to be an assertion of an abstract principle of law applicable to a case where jurisdiction of the person of a defendant depends solely upon the assignment of a demand against him by the original obligee to a stranger who afterwards sues the original obligor and assignor thereon. But such is not the case before us. Here, it was alleged by the plaintiff that the defendant Witherspoon obligated himself in writing to pay the money in Fayette County, Texas, in the event he did not sink at least as many as four wells on the leased lands within the time specified, and where the defendant pleaded (as he was bound to do by correct rules of pleading) that he had not so obligated himself. This allegation in plaintiff's petition, unless traversed and disproved by Witherspoon, would of itself have conferred jurisdiction over his person in the County Court of Fayette County. Art. 1194, sub. 5, Rev. Stats. of 1895. And the burden was upon Witherspoon to prove this essential allegation in his plea of privilege. Townes on Plead., 361; Robertson v. Ephraim, 18 Texas, 118; Kelso v. Adams, 2 Posey's U. C., 374; Mangum v. Lane City R. M. Co., 95 S. W., 605; Houston Rice Milling Co. v. Wilcox, 45 Texas Civ. App., 303 (100 S. W., 204).

The evidence shows that the contract containing the obligation sued on was in writing and signed by the parties thereto, Witherspoon and Zapp, and that, when executed, the former retained it in his possession, promising to make and send Zapp a copy. This Witherspoon failed to do. He was notified in plaintiff's petition to produce it upon the trial of the case, so that it could be offered in evidence by the plaintiff. But he failed to produce it on trial, claiming that it had been mislaid or lost. Therefore secondary evidence was admissible to prove its contents. That it contained the obligation of Witherspoon to pay his co-defendant $500 in default of the former's sinking wells on the leased lands of the latter within the time alleged in the petition, there seems to have been no controversy. The fact that he failed to perform this part of the contract was proved without a doubt. Then, the only question of fact as to the contents of the writing is, Did it obligate Witherspoon to perform his obligation to pay the amount stipulated, in the event of his default, in Fayette County, Texas? As we have seen, that to sustain his plea of privilege the burden was upon Witherspoon to show it did not.

Upon this issue Witherspoon testified that he had no recollection of writing or seeing in the lease any provision that any part of the contract

was to be executed or performed in Fayette County; that his recollection of the terms of the contract was not very clear; that he had no distinct recollection of any of the terms of the contract, and that he had long ago dismissed the entire matter from his mind.

Zapp, the only other witness as to this issue, testified that when the contract was made, it was distinctly agreed that the money was to be paid him in Fayette County; that he could not say whether Witherspoon wrote it in the lease or not; but that if he did not, it ought to have been written in it.

This is the substance of all the testimony upon the issue of where, in the event of Witherspoon's default, he was to pay the money. Unless it should be presumed that the contract was written as agreed upon by the parties, it is insufficient as a basis for a decision of the issue one way or the other. Therefore, for the purpose of establishing his plea of privilege, the burden being upon the defendant Witherspoon to prove that his obligation as to the payment of the money was not to be performed in Fayette County, we are of the opinion that the trial court did not err in overruling his plea of privilege.

By the third assignment of error it is claimed that the court erred in rendering judgment in favor of plaintiff, because the evidence shows that the contract sued upon is a penal obligation, and fails to show that either plaintiff or his assignor has sustained any injury by appellant's failure to perform his part of the contract.

The evidence supports the allegations in plaintiff's petition.

It does not occur to us that the obligation sued on is penal in its nature. On the contrary, it seems that, when tested by the principles which distinguish liquidated damages from a penalty, the damages for the breach of the contract are liquidated or fixed by the contract itself.

As to whether a sum agreed to be paid as damages for the violation of an agreement shall be considered as liquidated or only as a penalty is held to depend upon the meaning and intent of the parties gathered from a full view of the provisions of the contract, the terms used to express the intent, and the peculiar circumstances of the subject matter of the agreement. The contract is to govern; and the true question is, what was the contract? Whether it was folly or wisdom for the contracting parties thus to bind themselves is of no consequence if the intention is clear. If there is no fraud, circumvention, or illegality in the case the court is bound to enforce the agreement. Durst v. Swift, 11 Texas, 273; Yetter v. Hudson, 57 Texas, 604; Eakin v. Scott, 70 Texas, 442; Tobler v. Austin, 22 Texas Civ. App., 99; Brown Iron Co. v. Norwood, 69 S. W., 253; Neblett v. McGraw, 41 Texas Civ. App., 239 (91 S. W., 309); Norman v. Vickery, 60 Texas Civ. App., 449 (128 S. W., 452); 13 Cyc., 90. In determining whether a penalty or liquidated damages is *intended* by the provision for the forfeiture of a certain sum upon failure to perform a contract, the actual intention of the parties in view of the whole subject matter is chiefly to be looked to; and, if this be doubtful upon the face of the instrument, the writing may be aided and

the real intention ascertained by proof of extrinsic fact. Wright v. Dobie, 3 Texas Civ. App., 194 (22 S. W., 66); 13 Cyc., 91.

Here, we think, the contract from its very nature was sufficient upon its face, without more, to support the conclusion of the trial court that the sum of $500 stipulated to be paid by Witherspoon was intended by the parties as liquidated damages in the event Witherspoon failed to perform his part of the contract. If their intention was different, no effort was made by appellant to prove it by extrinsic evidence, as he could have done if his pleadings admitted of such proof. Therefore we overrule the third assignment of error.

Under the fourth, fifth and sixth assignments it is contended that whether the sum of $500 was liquidated damages or a penalty, the entire amount could not be recovered since there was a part performance of the contract by the appellant and he was only liable, if at all, for the part unperformed. We will not pause to consider whether the contract was of such nature that the defendant Witherspoon could offset plaintiff's demand by the value of so much as he had done in performance of his obligation. Suffice to say, if such was its nature, appellant has not pleaded nor proved any such offset; nor does the value of what he did towards its performance appear either from plaintiff's pleadings or the evidence.

Since the seventh assignment of error is predicated upon the erroneous assumption that the sum of money appellant promised to pay in default of the performance, was a penalty, it requires no further consideration.

There is no error in the judgment and it is affirmed.

*Affirmed.*