BOWDEN v. SOUTHERN ROCK ISLAND PLOW CO. (No. 7932.)

(Court of Civil Appeals of Texas. Dallas. June 8, 1918. Rehearing Denied Nov. 2, 1918.)

1. DAMAGES ☞77—LIQUIDATED DAMAGES OR PENALTY—INTENTION.

In determining whether contract stipulation discloses a penalty or provides for payment of liquidated damages, the intention of the parties, if it can be ascertained from the language, shall prevail.

2. DAMAGES ☞79(1)—LIQUIDATED DAMAGES OR PENALTY—CERTAINTY AS TO AMOUNT OF ACTUAL DAMAGES.

Where it appears from the subject-matter of the contract that the damages which will probably result from its breach are uncertain and indeterminate, the sum stipulated to be paid in case of breach will be construed as liquidated damages; but where it appears that such damages are certain and determinate, the sum will be regarded as a penalty.

3. SALES ☞384(2)—RIGHTS OF SELLER—BUYER'S REFUSAL TO ACCEPT GOODS—DAMAGES.

Measure of seller's damages upon buyer's refusal to accept shipment of wagons is difference between the contract and the market price, at the time and place of delivery.

4. DAMAGES ☞79(5) — LIQUIDATED DAMAGES OR PENALTY — CERTAINTY OF ACTUAL DAMAGES—CONTRACT OF SALE.

Where contract of sale of wagons provided for payment to seller of 20 per cent. of purchase price as "liquidated damages," upon buyer's refusal to accept the shipment, but contained nothing to disclose the purpose of such stipulation, the sum agreed to be paid is a penalty; the parties having known at time of making contract that damages in case of breach could be easily proved.

5. SALES ☞340 — RIGHTS OF SELLER — ELECTION OF REMEDIES.

Upon buyer's refusal to accept goods, seller may retain property and recover difference between contract and market price at time and place of delivery, or hold property at buyer's risk and recover contract price, or resell property and recover difference between amount realized at sale and contract price and expenses of sale.

6. SALES ☞339 — BUYER'S REFUSAL TO ACCEPT — RIGHTS OF SELLER — DAMAGES — RESALE.

Where buyer refused to accept goods he had purchased, seller, having elected to resell the goods, could recover as damages only the difference between contract price, plus expenses of sale and the amount realized from the sale, although he could have sold similar property to buyer at resale and recovered another profit.

Appeal from Dallas County Court, at Law; T. A. Work, Judge.

Action by the Southern Rock Island Plow Company against Andrew Bowden. Judgment for plaintiff, and defendant appeals. Reformed, and affirmed as reformed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. P. Dorough, of Texarkana, for appellant. Thompson, Knight, Baker & Harris, of Dallas, for appellee.

RASBURY, J. Appellee sued appellant in the court below for certain items of damage alleged to be the consequence of appellant's refusal to accept a shipment of wagons sold by the former and purchased by the latter, and tendered through carrier for delivery at Texarkana in compliance with the terms of a written contract between the parties. There was trial by jury, to whom were referred, in the form of the usual interrogatories, certain controverted issues of fact for special verdict. Upon the verdict returned by the jury there was judgment for appellee on all matters in controversy; and no issue is made in this court in that respect. A part of the judgment, however, consists of an item of $318.90, which is attacked, and which was referred to and determined by the court, due to the fact that the right to recover that item depended upon the provisions of the contract and certain uncontroverted facts. It is therefore necessary to recite the provision of the contract and the facts relating to that item.

The contract is an elaborate one, and has numerous provisions relating to as many matters. The only provision affecting the matter in controversy, however, is one which in substance provides that appellant, the buyer, shall not countermand the "order," refuse to receive the articles of merchandise, or have shipment held beyond current season, save upon payment to appellee, the seller, of all freight, storage, injury to the property, or other actual outlay and expenses, together with 20 per cent. of the purchase price thereof, or invoice, "as agreed liquidated damages." When the wagons arrived at Texarkana, where they were by the contract to be delivered, appellant refused to accept them from the carrier. They were taken in charge by appellee and resold for $54.20 less than the amount appellant agreed to pay therefor, after deducting all expenses incurred in the resale. The approximate average profit realized by appellee upon sale of wagons of the character purchased by appellant and the profit realized on the sale to appellant is 20 per cent. of the sale or invoice price, which in the instant case was $318.90. The action of the court in awarding appellee judgment for said item is founded upon the provision of the contract and the facts just recited.

[1, 2] Appellant complains of the action of the court in the respect stated, and contends, in effect, that the contract provision quoted discloses a penalty, and not liquidated damages, entitling appellee to recover only his actual damages, which, without controversy, the record discloses is $54.20, from which it results that the judgment is excessive to the extent of said item of $318.90. This contention presents an old and oft-recurring issue, one in fact which arises with nearly every attempt to enforce similar agreements. The right to contract for the payment of compensation for loss or injury which may accrue as result of a breach of the contract is inherent, of course, and as a consequence the issue always is whether the sum named is a penalty or liquidated damages, which the parties as a rule declare it to be. An eminent authority declares that the English and American cases concede the following rules: "Where the sum fixed as liquidated damages is manifestly above the injury sustained, it will be held to be a penalty, and only actual damages can be recovered. Where the contract is for a matter of uncertain value, and a sum is fixed to be paid on the breach of it, the sum, if not clearly unreasonable, is recoverable as liquidated damages. Where the payment of the money appears to have been intended only to secure the performance of the contract, it will be construed as a penalty. Where the contract contains a number of conditions, and the penalty is applied to only one of them, it is not recoverable as liquidated damages." 4 Elliott, Contracts, § 3767.

The cases from our own courts reflect at least the following well-defined rule: Since the intention of the parties is a cardinal factor in determining the meaning and purpose of the parties, it shall prevail, if it can be ascertained from the language. This rule has been applied in cases where the parties expressly declare the sum named is intended as a forfeiture or penalty, and no other intention can be gathered from the contract. Durst v. Swift, 11 Tex. 273; Eakin v. Scott, 70 Tex. 442, 7 S. W. 777; Norman v. Vickery, 60 Tex. Civ. App. 449, 128 S. W. 452; Witherspoon v. Duncan, 62 Tex. Civ. App. 361, 131 S. W. 660. See, also, 13 Cyc. 90; 8 R. C. L. 560. The latter authority, at page 567, cites authorities indicating that the intention of the parties is not all-controlling, when the sum stipulated is shown to be out of proportion to the probable loss. As much is indicated in Collier v. Betterton, 87 Tex. 440, 29 S. W. 467. Where it appears from the subject-matter of the contract that the damages which will probably result from a breach of the contract are uncertain and indeterminate, the sum stipulated will be construed as liquidated damages. Eakin v. Scott, supra; Collier v. Betterton, supra; Orenbaum Bros. v. Sowell Bros., 153 S. W. 905. Where it appears from the subject-matter of the contract that the damages which will probably result from a breach thereof are certain and indeterminate, the sum stipulated will be held to be a penalty. Eakin v. Scott and Collier v. Betterton, supra; Palestine Ice Co. v. Connally & Co., 148 S. W. 1109 We have not cited all the cases on the subject, but merely those regarded as representative of the rules. Incidentally, it would seem that the last two rules stated would include all conceivable cases, since in every case the damages are or are not certain and determinate; yet there have been as many cases applying the rule first

stated as have applied the latter two rules, which seem to firmly fix that rule in our jurisprudence, although the modern tendency is against it.

[3, 4] We come, then, to the task of applying the rules as we conceive them to the contract involved in the present proceeding. The contract, summarized and briefly restated, declares that it may not be revoked by the buyer, save upon payment of any injury to the property, charges thereon for the freight, storage, or other expense, and in addition 20 per cent. of the purchase price as "agreed liquidated damages," which is but to say it may be revoked by complying with those provisions. Nothing more tending to disclose the intention of the parties is contained in the contract. What the 20 per cent. is intended to cover cannot be determined by the other provisions of the contract, save the recital that it is agreed liquidated damages. But it is at once apparent that such sum was not inserted for the reason that the actual damages could not be ascertained in case of breach, since the measure of damages in such case would be the difference in the contract price of the wagons and what they would bring in the market after the breach, a fact easily proved. It is equally apparent that there is nothing in the contract from which it may be inferred that the probable damages had been considered by the parties and fairly fixed at the sum named. There is in the contract nothing expressly indicating that the sum was intended as a forfeit, by which it may be said that no other conclusion can be reached, save an intention to forfeit the sum named at all events in case of breach. Some purpose was intended, to be sure; but the purpose not being disclosed by the contract, or inferable from its other provisions, it follows that the sum named is a penalty, or the price to be paid for revoking same, and as a consequence the amount recoverable under the contract will be, not the penalty, but whatever the actual damages may be shown to be.

[5, 6] In that connection it appears without dispute in the evidence that the actual loss to appellee was 20 per cent. of the purchase price, or $318.90; such sum being the profit he would have made on the sale to appellant. It also appears that appellee resold the wagons, and realized from the sale the profit he would have secured from appellant, less $54.20. Appellant argues that, appellee having resold the property for only $54.20 less than he would have received, had appellant accepted it, that sum is the measure of appellee's damage. Appellee argues, however, that the resale does not satisfy his damage, since, but for appellant's default, he would have sold other wagons to the party to whom he resold the wagons purchased by appellant. The question then

is: How was appellee's actual damage to be measured? The determination of that issue depends upon the remedy pursued by the seller when the contract is breached. The seller may retain the property and recover the difference between the contract price and the market price at the time and place of delivery, or hold the property for and at the risk of the buyer and recover the contract price, or resell the property at the best obtainable price at the place of delivery, if there be a market there, and, if not, at the market most accessible, and recover the contract price and all reasonable expenses of sale, less the net amount realized at the sale. White v. Matador L. & C. Co., 75 Tex. 465, 12 S. W. 866; Waples v. Overaker & Co., 77 Tex. 7, 13 S. W. 527, 19 Am. St. Rep. 727; Halbert v. Newell, 27 S. W. 767; Sour Lake Townsite Co. v. Deutser Furniture Co., 39 Tex. Civ. App. 86, 94 S. W. 188.

Appellee elected to resell the property, and, after paying certain items of expense or special damages, about which there is no controversy, he realized the net amount, less $54.20, he would have received from appellant, had the latter accepted the property. That in our opinion, under the rule stated, compensates appellee for the actual loss sustained, since, where the buyer elects to resell, he is entitled to recover the contract price and all reasonable expenses incurred after deducting the net amount realized at the resale. It may be true that appellee could have sold similar property to the customer to whom he resold the property refused by appellant, and thereby realized another profit. Appellee could have preserved that right and secured the additional profit by holding the property for and at the risk of the buyer and recovering the contract price. This it did not do, and, having made its election, is limited to that measure of damages regulating the remedy pursued.

In consonance with the foregoing views, the judgment of the trial court will be reformed, by reducing the amount thereof to $183.78, with interest at 6 per cent. per annum from the date of the entry of the judgment below until paid, and, as reformed, will be affirmed: appellee to pay the costs of appeal.