### PIPPIN BROS. et al. v. THOMPSON.*
### (No. 487.)

(Court of Civil Appeals of Texas. Waco. Feb. 27, 1927. Rehearing Denied March 17, 1927.)

1. **Appeal and error** ⬤⇒842(2)—**Trial court's conclusion of law is not binding on Court of Civil Appeals.**

Conclusion of law by trial court is not binding on Court of Civil Appeals.

2. **Appeal and error** ⬤⇒842(8)—**Contracts** ⬤⇒ 176(1)—**Intention of parties to unambiguous contract must be determined, as matter of law.**

Where pleading does not contend contract was ambiguous and it does not so appear on its face, it was duty of trial court and of appellate court to determine intention of parties from written contract, as matter of law.

3. **Damages** ⬤⇒78(2)—**Expressed declaration that sum named in contract was intended as liquidated damages should prevail.**

Where parties to contract expressly declare that sum named in contract is intended as liquidated damages and no other intention can be gathered from contract, such intention should prevail.

4. **Damages** ⬤⇒81—**Deposit by each party to contract for sale of land held intended as liquidated damages in case of breach.**

Contract for purchase of real estate, specifying deposit in accordance therewith for use as liquidated damages, *held* to show intention of parties that, in case of breach, the sum deposited should be paid to the other as liquidated or agreed damages, particularly since there was no disproportion between amount stipulated and amount it might reasonably be inferred parties had in contemplation in case of breach.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by J. F. Thompson against Pippin Bros. and another. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Sleeper, Boynton & Kendall, of Waco, for appellants.

S. J. T. Smith, of Waco, for appellee.

STANFORD, J. Suit by appellee to recover money deposited under a contract for the sale of land by appellants to appellee, each of said parties having deposited $500. Appellee alleged that appellants had breached the contract and that he was entitled to recover the entire deposits of $1,000 as liquidated damages, but alleged in the alternative that, in the event he was not entitled to recover the $1,000 as liquidated damages, he was entitled to recover the $500 deposited by himself, because the contract under which such deposits had been made was void for reasons set out by him, and, further, that said deposit was put up by him as a penalty only to cover whatever damages Pippin Bros. might sustain by reason of his breach of said contract, and that they sustained no damages, etc. Appellants pleaded a general denial, and pleaded, further, that appellee had agreed to purchase said land under a written contract and had deposited $500 as liquidated damages in case he failed to carry out his part of said contract, etc., and that appellee did breach said contract, by reason of which appellants were entitled to recover appellee's deposit of $500, etc. The case was tried before the court without a jury, resulting in a judgment for appellee for $435, the court holding that appellants had not breached said contract, but that appellee had done so; however, the court held further that the $500 deposit by appellee was not intended as liquidated damages, but as a penalty, and that the only damage sustained by appellants by appellee's breach was $65; hence appellee was awarded a recovery of the $500 deposited by him less said damage sustained by appellants.

Appellants present two assignments properly raising the contention that the trial court erred in holding that the $500 deposit by appellee was a penalty, and in refusing to hold that same was liquidated damages, and in refusing to render judgment for appellants for same. The contract is as follows:

"Waco, Texas, December 1, 1925.

"Mr. T. W. Glass: I will give $7,500 for 60 acres of land that is now owned by Pippin Bros., and being the same 60 acres that Pippin Bros. bought from the Goodnight estate. * * * Said Pippin Bros. are to convey this land and all improvements thereon to me by a general warranty deed, and furnish me an abstract showing a good and merchantable title to same. * * * I will give Pippin Bros. all the money that can be secured by a loan from the Joint-Stock Land Bank of Dallas, Tex., and $3,000 in cash upon passing of papers and completion of loan from the Joint-Stock Land Bank, which is to be as much as $4,000, and give Pippin Bros. a second vendor's lien note for the balance of their equity, said note due January 1, 1928, and is to bear 7 per cent. interest from January 1, 1926, until paid. * * * If any interest is due on loan from the Joint-Stock Land Bank before January 1, 1926, it is to be paid by Pippin Bros. Pippin Bros. are to pay all taxes up to and in-

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 20, 1927.

(292 S.W.)

cluding the year 1925, and are to give posses-
sion on or before January 1, 1926. I hereby
attach my check for $500 to be used as liqui-
dated damages in case I fail to carry out my
part of the above offer within 30 days from
date.          [Signed] J. F. Thompson.
"We accept the above offer and attach our
check for $500.          [Signed] Pippin Bros."

T. W. Glass was the real estate agent mak-
ing said sale and with whom the deposits
were made, and who still has same; hence
he was made a party defendant and filed a
joint answer with appellants.

The trial court filed the following findings
of fact and conclusions of law:

"Findings of Fact.

"(1) That on the 1st day of December,
1925, plaintiff and defendant Pippin Bros. en-
tered into the contract, copy of which is found
in plaintiff's petition, and the original of which
was introduced in evidence in this cause.

"(2) That the negotiations leading up to
the execution of this contract were had be-
tween plaintiff and defendant Glass, and that
defendant Glass undertook for himself to as-
sist plaintiff in securing a loan for plaintiff
on said land for $4,000 from the Joint-Stock
Land Bank of Dallas, Tex.

"(3) That no agreement was had as to any
particular joint-stock land bank of Dallas, by
name, but it was agreed that the loan should
be obtained from the Joint-Stock Land Bank of
Dallas that was represented at that time in Mc-
Lennan county by Mr. Schaffer as its agent;
that application for the loan was made to said
company; the land was inspected by Schaffer
as to its value, and he rejected the loan in the
sum of $4,000, but offered to make a loan
thereon of $3,600; that Glass reported that
fact immediately to the plaintiff Thompson,
and advised Thompson that he could secure
a loan from another joint-stock land bank en-
gaged in loaning money in McLennan county at
the time, and which was represented in McLen-
nan county by Mr. Durham, who resided at
Waco, Tex., and offered to take Thompson's
application to that company for the loan and
have the matter concluded without delay; that
plaintiff declined to consider any loan from any
other company than the company represented
by Schaffer, referred to above; that the loan
company represented by Mr. Durham, refer-
red to above, was ready, willing, and able to
make the loan of $4,000 on the security offered,
provided the title was satisfactory to the com-
pany, and about which there is no issue in this
case.

"(4) That defendants carried out and per-
formed all of the duties incumbent upon them
in the performance of said contract; and that
the plaintiff, on the 17th day of December,
1925, and on the 23d day of December, 1925,
before the time within which said contract was
to be consummated, repudiated said contract
and refused to carry same out.

"(5) That under and in accordance with the
terms of said contract each of the parties to
the contract deposited the sum of $500, by
check, with T. W. Glass, which money is still
held by said Glass.

"(6) That the only damages shown to have
been suffered by defendant Pippin Bros. by rea-
son of plaintiff's failure to perform said con-
tract was in the sum of $65 paid for an ab-
stract for the land to be sold.

"Conclusions of Law.

"(1) That there was no breach of said con-
tract on the part of the defendants.

"(2) That the clause in said contract, which
reads as follow: 'I hereby attach my check for
$500 to be used as liquidated damages in case
I fail to carry out my part of the above offer
within 30 days from date. [Signed]     J. F.
Thompson'—means that the money so deposited
by plaintiff was deposited as a penalty, and
not as liquidated damages to be paid to defend-
ant Pippin Bros. in event of the failure of
plaintiff to carry out said contract; and that,
therefore, the only damage suffered by defend-
ant Pippin Bros. on account of said failure by
plaintiff to perform said contract being said
sum of $65, plaintiff is entitled to a judgment
for the sum of $435."

[1-3] The correctness of the court's find-
ings of fact is in no way challenged by as-
signment of error or otherwise, so their cor-
rectness is not here involved. As we view
this case, there is only one question involved,
and that is the proper construction of the
last clause of said contract, copied in the
court's second conclusion of law above. Ap-
pellee contends that the intention of the par-
ties at the time they put up their money de-
termines whether it is to be treated as liqui-
dated damages or a penalty. This is true,
but the question here involved is not a finding
of fact, but is a conclusion of law, and said
conclusion of law purports to be based alone
upon the wording of the clause in controversy
of the written contract, in that the court
found, as a conclusion of law, the meaning
of said clause. A conclusion of law by the
trial court is not binding upon this court. It
was the duty of the trial court and is the du-
ty of this court to ascertain the intention of
the parties in making the deposits in question,
and, as there was no contention in the plead-
ing that said contract was ambiguous, and
as it does not appear so upon its face, it was
the duty of the trial court and is the duty of
this court to determine the intention of the
parties from the written contract, as a matter
of law. Farrar v. Beeman, 63 Tex. 175; Gil-
lespie v. Williams (Tex. Civ. App.) 179 S. W.
1101; Langever v. Smith & Co. (Tex. Com.
App.) 278 S. W. 178.

We are aware of the fact that there are
cases where the contract stipulated for liq-
uidated damages to be paid by the default-
ing party, yet it was held that the recovery
should be limited to a just compensation for
the loss suffered. In such cases the rule an-
nounced, in effect, is, we think, that the par-
ty, who seeks to defeat the terms of the con-
tract providing for the payment of a stated
sum as agreed damages, should make it ap-
pear that the damages which the parties con-
templated might result from the breach were
reasonably capable of ascertainment, and
that there was no approximation between

such contemplated actual damages and the agreed damages fixed by the contract. This conception of the decision in Collier v. Betterton, 87 Tex. 440, 29 S. W. 467, has been applied in several cases, in some of which writs of error were denied by the Supreme Court. Halff v. O'Connor, 14 Tex. Civ. App. 191, 37 S. W. 241; Reinhardt v. Borders (Tex. Civ. App.) 184 S. W. 791; Kaufman v. Lumber Co. (Tex. Civ. App.) 184 S. W. 1048; Dilley & Son v. Wise & Hervey (Tex. Civ. App.) 160 S. W. 986; 8 R. C. L. 560. No other construction of the Betterton Case, supra, can harmonize it with the decision of the Supreme Court in the case of Eakin v. Scott, 70 Tex. 442, 7 S. W. 777, and the opinions of both these cases were written by Chief Justice Gaines, and in the case of Eakin v. Scott, supra, it was agreed on the trial that no actual damages were sustained from the breach, and yet the plaintiff was held to be entitled to recover the stipulated damages.

But if the disparity between the actual damages contemplated by the parties and that stipulated in this case could be considered in determining whether such damages were intended as liquidated damages or a penalty, such rule of law would be unimportant in this case, as, we think, there was no such disparity. Does the amount of damages it can reasonably be inferred the parties had in contemplation at the time of the execution of the contract, in case of a breach by appellee, bear some reasonable proportion to the amount stipulated? It was a farm, all fenced and improved, that was the subject-matter of the sale. The consideration was $7,500; $7,000 of said amount was to be paid cash, and $4,000 of said cash payment was to be obtained by appellee by procuring a loan on said farm. The contract was dated December 1, 1925, and was to be closed in 30 days. Appellants, without any restrictions or limitations, were obligated to give appellee possession by January 1, 1926. Appellee could have waited until January 1, 1926, and then repudiated his contract, and, if he had done so, appellants probably would not have been able to procure a tenant, at least a desirable tenant, for the year 1926, and thereby would probably have lost the use of said farm during said year. Or appellants might, by such action on the part of appellee, have been deprived of an advantageous sale, and thereby lost more than $500. Again, under the terms of said contract, appellee could have taken possession on January 1, 1926, even though he had not paid anything on the purchase money, and continued in possession, rent free, until he was dispossessed at the end of a long-drawn out lawsuit. We think there is no disproportion between the amount of damages it may reasonably be inferred the parties had in contemplation in case of a breach and the amount stipulated in the contract as liquidated damages. The rule, as announced by our Supreme Court in the Eakin Case and

followed to the present time, is that where the parties expressly declare the sum named in the contract is intended as liquidated damages, and no other intention can be gathered from the contract, such intention should prevail. Durst v. Swift, 11 Tex. 281; Yetter v. Hudson, 57 Tex. 604; Moore v. Anderson, 30 Tex. 230; Eakin v. Scott et al., 70 Tex. 442, 7 S. W. 777; Norman v. Vickery, 60 Tex. Civ. App. 449, 128 S. W. 452; Witherspoon v. Duncan, 62 Tex. Civ. App. 361, 131 S. W. 660; Garrard v. Cantrell (Tex. Civ. App.) 232 S. W. 911, on motion for rehearing; Bowden v. Southern Rock Island Plow Co. (Tex. Civ. App.) 206 S. W. 124; Collins-Decker Co. v. Crumpler (Tex. Com. App.) 272 S. W. 772.

[4] The trial court found as a conclusion of fact:

"That defendants carried out and performed all of the duties incumbent upon them in the performance of said contract; and that the plaintiff, on the 17th day of December, 1925, and on the 23d day of December, 1925, before the time within which said contract was to be consummated, repudiated said contract and refused to carry same out."

The court also found as a conclusion of law:

"That there was no breach of said contract on the part of the defendants."

There is a well-defined distinction between "liquidated damages" and a "penalty," and the parties are presumed to have understood this distinction. We think it clearly appears from the clause of the contract that the parties understood and intended that, in case of a breach of said contract, the $500 put up by the party guilty of such breach should be paid to the other not so guilty as "liquidated" or agreed damages. There is nothing in any other part of the contract and nothing in the record to indicate that their intention was otherwise than as expressed in the contract—nothing to indicate that said $500 was intended to secure or cover any damages that might be sustained in case of a breach. In fact, appellee in his pleading treated said deposit as liquidated damages and sought to recover the entire deposit of $1,000, alleging that appellants had breached said contract, but he pleaded in the alternative that, if he was not entitled to recover the entire deposit, then he be permitted to recover his own deposit, but not alone upon the ground that it was put up as a penalty, but also upon the ground that appellants had breached said contract, and that said contract was unilateral, had not been delivered, etc.

We think the trial court erred in refusing to hold that said $500, deposited by appellee, was intended as liquidated damages. The judgment of the trial court is reversed, and judgment is here rendered for appellants Pippin Bros., that appellee, J. F. Thompson, take nothing, and all costs are adjudged against appellee.