## SMITH v. LANE.
### No. 12201.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 29, 1950.

Rehearing Denied Feb. 7, 1951.

Archie S. Brown, Leonard Brown, Jr., San Antonio, for appellant.

H. M. Bellinger, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Blaze H. Lane against Pinkie Smith, seeking to recover the amount of liquidated damages provided for in two contracts in the total sum of $780.00. Defendant, though, served with citation, did not answer and judgment by default in that amount was rendered. From that judgment this appeal has been prosecuted by Pinkie Smith, through the means of a writ of error.

By the terms of the first contract sued on Lane agreed to loan to Smith the sum of $500.00. Smith agreed to seek, permit and provide a suitable place for the operation of Lane's Juke Boxes and Coin-operated Music Machines "at 628 E. Commerce Street, at the place of business now owned and operated by Smith in the City of San Antonio and being known as the De Luxe Cafe, also at 106 Sycamore Street and at any other place that Smith might open or

engage in a business." No other Juke Boxes were to be permitted to operate upon such premises for a violation of which the sum of $500.00 was agreed upon as "liquidated damages, because of the inconvenience of ascertaining the actual damages and the uncertainty thereof." Smith was to receive one-half of all funds and money deposited in the Juke Boxes, but such payment was first to be applied to the payment of the loan until it was completely paid back to Lane.

The second contract was exactly the same as the first, except the loan was for the sum of $280.00 and the liquidated damages was for the same amount.

A breach of these two contracts was alleged and a default judgment was rendered, as above stated, for the stipulated liquidated damages in the sum of $780.00.

■ Appellant's first contention is that the provisions for damages in the event of a breach, were for penalties and not for liquidated damages, as such. It will be borne in mind that the defendant did not file an answer herein or in any way raise the issue at the trial, but, on the other hand, wholly made default. The provision not only referred to the damages as "liquidated damages" but further gave the reason why liquidated damages were agreed upon, to-wit, "because of the inconvenience of ascertaining the actual damages and the uncertainty thereof." It is true the courts are inclined to construe such provision as one for a penalty rather than as for liquidated damages, as such, but this is true only where the defendant appears and by both allegation and proof raises the issue. Under such circumstances the burden of proof is upon the defendant. 13 Tex.Jur., Damages, §§ 46 and 54.

■ In 13 Tex.Jur., § 54, p. 136, it is stated: "The effect of the rule is to place upon the defendant the burden of proving the amount of the actual damages for the purpose of showing an absence of approximation between the actual loss and the stipulated sum. Southern Plow Co. v. Dunlap

Hardware Co., Tex.Civ.App., 236 S.W. 765, 766; Walsh v. Methodist Episcopal Church, Tex.Com.App., 212 S.W. 950. A fortiori, the plaintiff need not allege or prove actual damages where it cannot be said that the damages were certain, apparent or ascertainable. Pippin Bros. v. Thompson, Tex. Civ.App., 292 S.W. 618; Schwarz v. Lee, Tex.Civ.App., 287 S.W. 519; McElroy v. Danciger, Tex.Civ.App., 241 S.W. 1098; Mills v. Paul, Tex.Civ.App., 30 S.W. 558."

■ Here the damages were indefinite and uncertain and, in view of the language of the contracts and the default of appellant, the trial court properly construed the contracts as providing for liquidated damages and not for penalties.

Appellant next contends that the contracts were void because their provisions seek to establish a monopoly and are in restraint of trade, thereby violating § 26 of Art. 1, of the State Constitution, Vernon's Ann.St.

■ The provisions of the contract only granted to appellee the exclusive right to place on the premises of appellant the Coin-operated Music Machines belonging to appellee and in consideration thereof to allow appellant to participate in one-half of the revenue produced by the machines. There is nothing in the record to indicate that these contracts tended to establish a monopoly or were in restraint of trade and the point is overruled.

■ Appellant's third point presents the contention that the contracts were void in that they did not provide for a specified duration or time of performance. The contracts were silent as to when they should terminate. Under such circumstances they are not necessarily void. They may be construed as lasting for a reasonable time or during the life of the promisee, or so long as he may continue in business. Schlag v. Johnson, Tex.Civ.App., 208 S.W. 369; Langever v. United Advertising Corp., Tex.Civ.App., 258 S.W. 856. We overrule appellant's third and last point.

The judgment is affirmed.