**KELSEY et al. v. BLACKMAN.** (No. 480.)

Court of Civil Appeals of Texas. Waco. Feb. 10, 1927.

Rehearing Denied March 30, 1927.

1. **Evidence** ⊚⇒408(3)—**Parol evidence is admissible to explain recital in contract that certain part of cash consideration has been paid.**

Recital in contract that $4,750 of cash consideration therein mentioned had been paid, and that receipt thereof was acknowledged, was not contractual in nature, but was on same footing as receipt and capable of being explained or contradicted by parol evidence.

2. **Contracts** ⊚⇒238(1)—**Buyer and seller may modify terms of contract being taken out of escrow by supplemental written contract.**

Buyer and seller of oil drilling machinery *held* to have right to modify terms of contract which was being taken out of escrow by supplemental contract in writing.

3. **Evidence** ⊚⇒419(13)—**Parol evidence held admissible to show that promised performance of supplemental contract between seller and original buyer by one assuming sale contract was part of consideration.**

Parol evidence *held* admissible to show that promised performance by plaintiff, who assumed contract to buy oil drilling machinery, of supplemental contract between seller and original buyer, reciting consideration of $10 and other good and valuable consideration, and which plaintiff signed as witness, was part of other consideration; such proof not contravening rule forbidding contradiction of written instruments by parol evidence.

4. **Frauds, statute of** ⊚⇒18(3)—**Assumption of supplemental contract between buyer and seller by one assuming sale contract may be oral.**

Assumption of supplemental contract between buyer and seller, by one who assumed such contract, as part consideration for bill of sale, need not be in writing.

5. **Sales** ⊚⇒225(4)—**Supplemental contract between buyer and seller which plaintiff witnessed, held admissible, in action involving right of buyer, seller, and plaintiff, who had assumed sale contract.**

In action in which rights of buyer and seller of oil drilling machinery, and of plaintiff who assumed sale contract, were determined, supplemental contract between buyer and seller which plaintiff signed as witness *held* admissible, in view of seller's claim against plaintiff for damages based on alleged breach thereof.

6. **Damages** ⊚⇒77—**Whether stipulation in contract for payment of money is penalty or liquidated damages is primarily question of intent.**

Whether stipulation in contract for payment of money is to be considered penalty or liquidated damages is primarily question of intention of parties.

7. **Contracts** ⊚⇒176(1)—**Unambiguous contract is to be construed by court.**

Where written contract is unambiguous, its interpretation is question of law for court.

8. **Damages** ⊚⇒80(1)—**Courts will not treat sum designated as liquidated damages as such, unless its proportion to actual damages indicates fair estimate of compensation for prospective loss.**

Though sum mentioned in contract is called liquidated damages, courts will not so treat it, unless it bears such proportion to actual damages that it may reasonably be presumed to have been arrived at by fair estimate by parties of compensation to be paid for prospective loss.

9. **Damages** ⊚⇒80(1)—**Provision for forfeiture of $10,000 for nonperformance of contract valued at $5,000 held too disproportionate to be considered liquidated damages.**

Provision for forfeiture of $10,000 for nonpayment of $5,000 or nonperformance of contract value at $5,000 *held* too disproportionate to be considered as liquidated damages, notwithstanding that parties designated it as such.

10. **Appeal and error** ⊚⇒1172(3)—**Judgment will be affirmed in part and reversed in part where several controversies could have been litigated in separate suits, and some were incorrectly decided.**

Where controversies, some of which are correctly and some incorrectly disposed of, could have been asserted and litigated in separate suits, it is appellate court's duty to affirm judgment in part and reverse and remand in part.

11. **Sales** ⊚⇒225(5)—**Whether seller should recover damages from one assuming sale contract for breach of supplemental agreement between buyer and seller held for jury.**

Whether seller of oil drilling machinery was entitled to damages from plaintiff who assumed sale contract for nonperformance of supplemental contract between seller and original buyer *held* for jury on conflicting evidence.

Appeal from District Court, Hill County; W. C. Wear, Special Judge.

Suit by J. B. Blackman against C. A. Kelsey and others, in which H. R. Faubion intervened. From the judgment, intervener appeals. Affirmed in part, reversed in part, and remanded.

Taylor, Muse & Taylor, of Wichita Falls, and Meador & Meador, of Dallas, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GALLAGHER, C. J. This suit was instituted by J. B. Blackman, appellee herein, against C. A. Kelsey and others, to cancel a bill of sale by appellee to said Kelsey conveying certain oil-drilling machinery. The defendants other than Kelsey were alleged to be in possession of said machinery, or a part thereof, or to be claiming some interest therein. The cancellation of said bill of sale was sought upon the alleged fraudulent conduct of Kelsey whereby he obtained possession of said machinery without paying or delivering anything of value therefor. Appellant H. R. Faubion intervened and claimed said machinery, or, in the alternative, damages in the sum of $5,000 against appellee Blackman. At or during the trial all the defendants, except Kelsey and Cooper, were dismissed, and said Kelsey agreed in open court that judgment should be rendered against him for the cancellation of said bill of sale and the recovery of the machinery therein described. At the conclusion of the trial the court instructed a verdict in favor of appellees against intervener, H. R. Faubion, and defendant O. R. Cooper for the title and possession of said machinery, and in favor of O. R. Cooper against intervener, Faubion, for $4,375. The court entered judgment against said Kelsey in accordance with the agreement aforesaid and against Faubion and Cooper in accordance with said verdict. Faubion alone appealed. Said Blackman is the sole appellee.

### Opinion.

Appellant assigns as error the refusal of the court to admit in evidence a certain written contract offered by him. Appellant Faubion in his plea of intervention alleged that he was on or about the 5th day of August, 1924, the owner of the drilling machinery sued for; that on said date he entered into a written contract with L. C. Purnell for the sale by him and the purchase by Purnell of said machinery; and that said contract was assumed by appellee, Blackman. Said contract was set out in full in said plea. According to its terms appellant conveyed the property therein described to said Purnell in consideration of $5,000 and the assumption of $10,000 due by appellant to the First State Bank of Electra and secured by chattel mortgage on said machinery. Said contract acknowledged the receipt of $4,750 of the $5,000 consideration stipulated therein, and provided that the remaining $250 should be paid on or before the 11th day of August following. Said contract bound appellant, upon the payment of said additional sum of $250 and the further sum of $10,000 due the First State Bank of Electra as stipulated therein, to deliver all said machinery at Blum, Tex. Said contract recited that it was executed in duplicate, and provided that

both copies should be deposited in escrow in a certain bank until the conditions thereof should be performed, when both copies were to be delivered to Purnell. Said contract further stipulated that failure on the part of Purnell, the grantee therein, to comply with any of the conditions expressed therein, forfeited the same, and that all sum or sums of money paid thereon should be held by appellant as liquidated damages. Appellant further alleged that he fully complied with said contract; that he delivered the machinery therein described to said Purnell; that the said Purnell turned all the same over to appellee Blackman; that appellee took possession of the same and agreed and obligated himself to become liable for the performance of the contract; that he performed the same in part by paying the said sum of $10,000 due by appellant to the First State Bank of Electra, but that he did not pay the $5,000 cash consideration mentioned and described in said contract; that, in lieu of such payment, appellant, with the said Purnell, entered into a written contract, which was to form a part of said former contract between them which had been assumed by appellee. The contract so alleged was set out in full in said plea. So far as material to the issues involved in the trial of this cause, it bound Purnell to deliver to appellant leases to two 80-acre tracts of land in close proximity to an oil well which Purnell contemplated drilling or having drilled at Blum, Tex., by the use of said machinery. Appellant further alleged that he performed all his obligations under both said contracts; that appellee and Purnell did drill said well; that they failed and refused on demand from him to deliver the leases to said two 80-acre tracts as provided in said second contract; that said leases, when said well was spudded in, were reasonably worth the sum of $5,000 and could have been sold at that time for said sum. Appellant also pleaded the forfeiture provision in said original contract hereinbefore set out; that appellee and Purnell had failed and refused to pay him the $5,000 specified in the original contract; that they had failed and refused to comply with the provision of the second contract for the delivery of the leases to said two tracts of land, and claimed that the title to said machinery reverted to him under the terms of said forfeiture clause in the original contract. He prayed for judgment for the title to said machinery, or, in the alternative for damages in said sum of $5,000.

Appellee denied the allegations so made by appellant and alleged that he purchased the drilling machinery involved from appellant; that said original contract between appellant and Purnell was in fact intended as an option; that said Purnell paid $250 at the time said contract was executed and subsequently paid the $250 stipulated therein to be paid

on August 11th; that Purnell was to secure a purchaser for such machinery who would assume and pay the $10,000 due the First State Bank of Electra, and any additional sum which Purnell might induce him to pay; that, if Purnell secured a purchaser who would pay the debt due to said bank, the $500 paid by him for such option should be returned to him; that appellee's purchase of said machinery was agreed upon in a conference between appellant, appellee, and Purnell; that appellee declined to pay more than the amount due by appellant to said bank; that appellant finally accepted his offer to pay said sum to said bank in full consideration for said machinery; and that by mutual agreement Purnell transferred said property to him on August 28, 1924. He further alleged that the remainder of said sum of $5,000 referred to in said contract was fictitious and inserted to increase the apparent value of said property; that the next day appellant refused to return to Purnell the $500 paid for said option as he had agreed to do, and that Purnell executed and delivered said second contract to induce appellant to pay him said sum of $500, and that the same was the sole consideration therefor; that appellee was in no way concerned in the matter of the return of said $500 and not a party to said contract; that he merely signed the same as a witness at the request of the parties thereto. Based on said plea, he denied any and all liability on account of said second contract or the breach thereof.

Appellee, being the plaintiff in the court below, testified first. He supported his plea in detail by his testimony. He introduced in evidence the original contract beween appellant and Purnell, and also a bill of sale from Purnell conveying said property to him. Said bill of sale was indorsed on the original contract and recited a consideration of $10 in hand paid and other good and valuable considerations, the receipt of which was acknowledged. By the terms thereof Purnell warranted the title to said machinery against all liens or incumbrances, except the $10,000 owed the First State Bank of Electra. He testified that Faubion agreed to accept the payment of said indebtedness to said bank as the full and sole consideration for said machinery, and directed Purnell to convey it to him. He testified that he had paid the $10,000 due said bank and introduced the release received by him therefor. He further testified that he witnessed the second or supplemental contract promising, among other things, to convey to appellant the two 80-acre leases, as set out in appellant's plea of intervention. He testified that the same was executed by appellant and Purnell the day succeeding his purchase of said machinery; that he knew nothing about it until it was handed to him to be signed as a witness;

that he had no interest in the leases therein referred to; and that none of them were in his name. He further testified, apparently without objection, that Purnell explained said contract to him as set out in his pleadings as hereinbefore recited. He also testified that his business from the date of the purchase of said machinery to December 20th of that year was to be around that rig and the drilling of that well at Blum; that he was interested therein; that, if it produced oil, his interest was to be in the proportion the value of his said machinery and casing furnished bore to the cost of drilling the same.

Appellant then testified in support of his plea of intervention. His testimony supported said plea in detail down to the time of the purchase of said machinery by appellee. He testified with reference to that transaction that said contract was in escrow in a bank, as recited therein; that he had refused to deliver it to Purnell until everything was paid; that Purnell was a nephew of appellee, and introduced appellee to him; that appellee told him that he and Purnell had gone over the proposition together and that he had agreed to accept all the contract and payments that Purnell had agreed upon; that he would send the $10,000 to the bank at Electra and get the papers out of escrow; that Purnell then said that they did not have but $10,000 to pay in cash, but that they would give a consideration in acreage in lieu of the $5,000 recited as consideration in the original contract; that no part of said $5,000 had been paid; that said second or supplemental contract was then prepared in lieu of the $5,000 to be paid to him by Purnell; that appellee stated he understood the same when he signed it as a witness. Appellant then offered said supplemental contract in evidence, and further testified in connection therewith that the same was written before the closing of the transaction with appellee and while they were discussing the same; that he refused to agree to anything until appellee and Purnell had taken care of the $5,000 stipulated in the original contract; that said contract so offered was then drawn and signed; that the same was understood by all the parties to be in lieu of said $5,000; and that appellee said that he would assume said agreement and carry it out, or see that it was carried out, if appellant would sell said machinery to him. Appellee objected to the introduction of said supplemental contract, on the ground that it was an attempt to vary the terms of the original contract as pleaded, and because it was irrelevant and immaterial and had no part in this suit. The court sustained the objection and excluded said supplemental contract.

[1-5] The recital in the original contract that $4,750 of the cash consideration therein mentioned had been paid and that the re-

ceipt thereof was acknowledged was not contractual in its nature. Such recitals are placed upon the footing of a mere receipt, and, like other receipts, are capable of being explained or contradicted by parol evidence. Lanier v. Foust, 81 Tex. 186, 189, 16 S. W. 894; Gibson v. Fifer, 21 Tex. 260, 263. The supplemental contract so offered in evidence in terms recited that it was a part of a contract between appellant and said Purnell. The diagram, made a part of the same, showed that the leases referred to surrounded the well which appellee and Purnell were preparing to drill at Blum, Tex., with said machinery, and other provisions therein were in express terms made applicable to the drilling of such well. There can be no question that appellant and Purnell had a right to modify the terms of the former contract which, according to appellant's testimony, was being then and there taken out of escrow, by a supplemental contract in writing. Appellant testified that this supplemental contract was written and signed at the time appellee purchased the machinery. The written bill of sale given by Purnell to appellee and indorsed on the original contract recited a consideration of $10 and other good and valuable considerations. It was permissible to show by parol that the promised performance by appellee of said supplemental contract was a part of the other and further consideration therein recited. Such proof so offered in no way contravened the rule forbidding the contradiction of written instruments by parol evidence. Johnson v. Elmen, 94 Tex. 168, 174, 175, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845. According to appellant's testimony, appellee assumed and promised to perform said supplemental contract as a part of the consideration for the bill of sale to said machinery executed and delivered to him by Purnell. Such assumption was not required to be in writing and its validity is recognized by repeated decisions of our Supreme Court. Muller v. Riviere, 59 Tex. 640, 642, et seq., 46 Am. Rep. 291; Bank of Garvin v. Freeman, 107 Tex. 523, 526, et seq., 181 S. W. 187; Brannin v. Richardson, 108 Tex. 112, 117, 185 S. W. 562. Said supplemental contract was neither irrelevant nor immaterial because appellant's alternative claim for damages was based upon the alleged breach thereof by appellee. The court erred in excluding the same.

Appellant claimed title to and right to the possession of the machinery sued for. This claim was based on a provision in the original contract between him and Purnell, which was, in substance, that a failure to comply with the terms thereof should forfeit said contract and that all sums of money paid thereunder should be retained as liquidated damages. The cash consideration to appellant recited in said contract was $5,000 and the amount to be assumed and paid to the First State Bank of Electra was $10,000. Appellant testified that he accepted the supplemental contract in lieu of the payment of said sum of $5,000. The uncontradicted evidence shows that appellee did pay the sum of $10,000 to the First State Bank of Electra and secured by such payment the release of a mortgage held by said bank on said machinery. Appellant claims the right to forfeit as liquidated damages said $10,000 payment to his own use and benefit and recover the machinery because of the failure to perform the provisions of the supplemental contract which he valued at $5,000.

[6-9] The general rule is that whether a stipulation in a contract for the payment of a sum of money is to be considered a penalty or liquidated damages is primarily, if not wholly, a question of the intention of the parties, and, where the contract is in writing and is unambiguous, its interpretation is a question of law for the court, viewing its terms as a whole and in the light of the subject-matter and the circumstances under which it was made. Langever v. R. G. Smith & Co. (Tex. Com. App.) 278 S. W. 178, 179, and authorities there cited; Yetter v. Hudson, 57 Tex. 604, 613; Durst v. Swift, 11 Tex. 273, 281, 282; Moore v. Anderson, 30 Tex. 225, 229, 230; Bourland v. Huffhines (Tex. Civ. App.) 244 S. W. 847, 849, and authorities there cited; Orenbaum Bros. v. Sowell Bros. (Tex. Civ. App.) 153 S. W 905, 906 (writ refused); Norman v. Vickery (Tex. Civ. App.) 128 S. W. 452, 453 (writ refused); Witherspoon v. Duncan (Tex. Civ. App.) 131 S. W. 660, 662; Levy v. Goldsoll (Tex. Civ. App.) 131 S. W. 420, 422 (writ refused). There is no contention that the original contract containing the provision for forfeiture of all sums paid thereunder as liquidated damages is ambiguous. The intention of the parties with reference thereto must be determined from a consideration of its provisions, its subject-matter, and the circumstances under which it was made. Notwithstanding a sum mentioned in a contract be called liquidated damages, the courts will not so treat it, unless it bears such proportion to the actual damages that it may reasonably be presumed to have been arrived at upon a fair estimate by the parties of the compensation to be paid for the prospective loss. Collier v. Betterton, 87 Tex. 440, 441, 442, 29 S. W. 467; Eakin v. Scott, 70 Tex. 442, 444, 445, 7 S. W. 777; 8 R. C. L. p. 562, § 112, p. 567, § 116. We think it clearly appears that the provision for the forfeiture of $10,000 for the nonpayment of $5,000, or the nonperformance of a contract valued at $5,000, was so disproportionate as to invoke the application of the rule just recited. Under this rule said provision for forfeiture must be held to be a penalty and not liquidated damages. Since appellant's only claim to the machinery in

question was based upon this contention of forfeiture, the court properly instructed a verdict against him in favor of appellee for such title and possession.

[10, 11] The judgment of the trial court, so far as it awarded to appellee a recovery against appellant for said machinery, was proper. Said judgment, however, by necessary implication adjudicated appellant's claim for damages for the alleged breach of the supplemental contract. Appellant's claim to the title and possession of the property could have been asserted and litigated separate and apart from his said claim for damages. Since the court properly disposed of his claim to said machinery, the judgment of the trial court should in that respect be affirmed, and it is so ordered. Moore v. Moore (Tex. Civ. App.) 259 S. W. 322, 327, and authorities there cited. We have hereinbefore held that the supplemental contract should have been admitted in evidence. There is no contention that the provisions of the same were complied with by any one. While appellant's testimony on this issue was contradicted by the testimony of appellee, and in the main by the testimony of Purnell, it was the peculiar province of the jury to solve such conflict. So far as said judgment by necessary implication adjudicates appellant's said claim for damages against appellee, the judgment of the trial court should be reversed and the cause as to such issue remanded, and it is so ordered. Moore v. Moore, supra.