## NATIONAL LIFE & ACCIDENT INS. CO. v. BAUGHMAN.

### No. 2282.

Court of Civil Appeals of Texas. Beaumont.

Dec. 6, 1932.

Rehearing Denied Dec. 7, 1932.

Sonfield & Sonfield, of Beaumont, for appellant.

J. B. Morris and W. T. McNeill, both of Beaumont, for appellee.

LAWHON, J.

Appellee brought suit in the county court of Jefferson county at law against appellant, seeking to recover on an insurance policy issued by appellant on the life of Mrs. Evelyn Ione Baughman, wife of appellant, and in which policy he was named as beneficiary. The appellant defended on the ground that at the time of the death of Mrs. Baughman the policy had lapsed by reason of failure to pay premiums as they became due. A trial was had before the court, and judgment was rendered in favor of the appellee for $450 the amount claimed on the policy, together with interest, a penalty of 12 per cent., and an attorney's fee of $100.

The evidence disclosed that appellant issued two policies, one on the life of Mrs. Evelyn Ione Baughman and one on the life of Joyce M. Baughman, a small child of appellee and the said Mrs. Evelyn Ione Baughman. Receipt books were issued originally on both policies. These receipt books showed the numbers of the policies, the due dates of the premiums, and the dates when the premiums were paid, also the names or initials of the agents of appellant who collected the premiums, also other information required by appellant company. It is shown that the receipt book of the child was used up, and, as the agent did not have another blank book, he wrote the name of the child on the book of the mother, and thereafter used only one book for crediting premiums on both policies. The premiums were payable weekly. The receipt book was offered in evidence; and it

showed that the name of the child had been marked out and the name of the mother remained. The payments, as shown by the receipt book, indicated that one policy had lapsed, but that the other, while one week in arrears, had not lapsed at the time of the death of Mrs. Baughman; the policies providing that they should not lapse until after four weeks' default in the payment of premiums.

It was the contention of appellee that, as the name of the child had been erased from the receipt book, it showed that this policy had terminated, and that the policy of the mother was in good standing. This receipt book, without explanation, would bear this construction. Appellant attempted to prove by two of its agents that the name of the child was erased by mistake, and that the name of the mother should have been removed. Certain records of appellant company were sought to be introduced for the purpose of showing that the mother's policy had been forfeited. All this evidence was excluded on the ground that the receipt book was the best evidence and that appellant could not contradict its recitations by extraneous testimony. This book was the only evidence introduced by appellee to show that the premiums had been paid. The receipt book was not different, in legal effect, from other receipts. It was not a contract, and could be explained, varied, or contradicted by parol testimony. 22 C. J. §§ 1520, 1521; Texas Mutual Life Ins. Co. v. Davidge, 51 Tex. 244; Gorman First Nat'l Bank v. Mangum (Tex. Civ. App.) 176 S. W. 1197; Kelsey v. Blackman (Tex. Civ. App.) 293 S. W. 199.

The appellee did not pay any of the premiums; all payments being made by the deceased wife. There was evidence in the record that the wife had expressed an intention of letting the policy lapse, and appellee, at the time of his wife's death, thought it was not in force. Appellant sought to prove by one of its agents that he had a conversation with Mrs. Baughman, and that she stated that her husband was out of work and they were not able to keep up two policies, and had decided to let her policy drop, but would keep the baby's policy in force. This evidence was excluded. The theory upon which it was excluded is not shown in the bill of exceptions, but from the statement of facts it appears that it was not admitted because Mrs. Baughman could not contradict the witness and because the receipt book was the best evidence. The insurance policy was a contract between Mrs. Baughman and appellant, and her testimony was admissible on the issue as to whether premiums had been paid to keep it in force. Article 3716, R. S., has no application. This was not an action involving a deceased person's estate, nor was it one by or against the heirs or legal representatives of the decedent. In our opinion, the court did not commit error in excluding the introduction of what was termed "lapse sheets." This was a record, or memorandum, made by the witness, an agent of appellant, showing when a policy had lapsed, and was kept for the purpose of showing the company the policies that were not in force. They were self-serving declarations and were not admissible.

Appellee contends that appellant cannot urge that the evidence was admissible because his attorney stated during the trial that he was not attempting to show mistake with reference to the erasure of the child's name from the receipt book instead of the mother's, and therefore invited any error, if the court made any. Appellant's attorney stated, with reference to the testimony of a witness, that he was not relying on a mistake with reference to this testimony. The bills of exceptions show that he was offering the testimony excluded for the purpose of showing that the receipt book did not properly reflect the facts, and that premiums shown to have been paid by Mrs. Baughman, the deceased, were, in fact, paid for the child. We do not think the record shows that appellant invited the error in excluding this testimony.

It is also contended by appellee that appellant cannot complain because he did not plead that there was any mistake in the receipt book. The suit was not upon the receipt book in question, but upon the insurance policy. In making the defense that the policy had lapsed by reason of nonpayment of dues, it was not necessary that appellant plead the evidence upon which it relied. It could show by any legal evidence that the premiums had not been paid. We therefore overrule this contention.

As we construe the record, the only evidence showing that the premiums were paid was the receipt book, and all the evidence attempting to explain or contradict the receipt book was excluded. It is therefore our opinion that the judgment of the trial court should be reversed and remanded for a new trial, and it is so ordered.